IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| AMY DOHERTY-HEINZE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL T. CHRISLEY,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 3:22-cv-172-TCB |

**O R D E R**

This case comes before the Court on Defendant Michael T. Chrisley's motion [5] to dismiss for insufficient service of process.

**I.  Background**

This case involves defamation claims brought by Amy Doherty-Heinze (a former employee of the Georgia Department of Revenue) against businessman and television star Michael T. Chrisley.

On July 9, 2021, Doherty-Heinze filed her initial suit against Chrisley, alleging defamation based on various instances of conduct. *See*

*Doherty-Heinze v. Chrisley*, No. 3:21-cv-105-TCB. Importantly, her complaint in part concerns statements made by Chrisley on his podcast.

On September 22, 2022, Doherty-Heinze brought the instant action against Chrisley. This suit is identical in nature to the first suit, and it references a single additional statement made by Chrisley on his podcast. This episode took place after the filing of the initial suit.

After filing this action, Doherty-Heinze attempted to effect service of process.

Doherty-Heinze initially reached out to Chrisley's counsel in the first action. After back-and-forth about waiving service of process, Chrisley's counsel informed Doherty-Heinze that he would not be representing Chrisley in this action. During this time, Doherty-Heinze sent a formal request for waiver of service of process to Chrisley and his attorney.

Doherty-Heinze then retained a process server who attempted service of process on November 2, 4, and 8. Individuals at Chrisley's home answered the door on two of these occasions but did not accept service.

On November 21, after initially failing to serve Chrisley, service of process was effected on the 17th floor of the Richard B. Russell Federal Building and U.S. Courthouse in Atlanta, Georgia. Chrisley was physically present at the Courthouse to attend his sentencing hearing in an unrelated criminal matter.

On December 12, Chrisley filed a motion to dismiss for insufficient service of process.

On December 14, after the filing of the motion to dismiss and service of process at the Courthouse, Doherty-Heinze twice attempted additional service of process at Chrisley's home. Again, an individual answered the door on one of these occasions, but she refused to provide her name or accept service of process.

## II.  Legal Standard

Service of process in federal court is governed by Rule 4 of the Federal Rules of Civil Procedure, which provides in relevant part: "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the

person who makes service." FED. R. CIV. P. 4(c)(1). Rule 4(m) requires a plaintiff to serve the defendant within ninety days of filing the complaint. A plaintiff must make proof of service to the court by submitting the process server's affidavit. FED. R. CIV. P. 4(*l*)(1).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "As such, an individual or entity is not obliged to engage in litigation unless officially notified of the action . . . under a court's authority, by formal process." *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 749 (11th Cir. 2016) (citation omitted).

"If the Court finds insufficient service, the Court must either allow additional time for proper service or dismiss the claims against the improperly served defendants without prejudice." *BankUnited, N.A. v. TNP Enters., LLC*, No. 3:16-cv-31-TCB, 2017 WL 3531389, at *3 (N.D. Ga. June 30, 2017) (citing FED. R. CIV. P. 4(m); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *Jackson v. Warden,*

*FCC Coleman-USP*, 259 F. App'x 181, 183 (11th Cir. 2007) (per curiam)).

## III. Analysis

### A. Service of Process

The issue in this case is whether Chrisley was immune from service of process while attending his sentencing hearing in his criminal case at the Richard B. Russell Federal Building and U.S. Courthouse in Atlanta, Georgia.

The Supreme Court has stated the "general rule that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service of process in another . . . ." *Lamb v. Schmitt*, 285 U.S. 222, 225 (1932) (citations omitted). This rule is "founded, not upon the convenience of the individuals, but of the court itself." *Id.* (citations omitted).

However, the rule is a limited one, and it "should not be enlarged beyond the reason upon which it is founded . . . ." *Id.* (citations omitted). The reason behind immunity is ultimately that "a court shall not permit interference with the progress of a cause pending before it, by the

service of process in other suits, which would prevent, or the fear of which might discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation." *Id.* (citations omitted).

But while couched as a rule, courts are clear that it is "not, traditionally, a right of individuals, but rather a privilege of the court." *Estate of Ungar v. Palestinian Auth.*, 396 F. Supp. 2d 376, 380 (S.D.N.Y. 2005).

Chrisley argues that immunity from service of process applies because he was served at his sentencing hearing in his unrelated criminal case. Doherty-Heinze counters that immunity does not apply based on the circumstances present here. For two reasons discussed below, the Court agrees with Doherty-Heinze and will accordingly deny Chrisley's motion.

### 1. Long-Arm Jurisdiction Over Chrisley

First, as Doherty-Heinze argues, the purpose behind immunity from service of process does not apply to Chrisley. As stated, the purpose behind immunity is to encourage attendance from litigants and

witnesses "who might otherwise be dissuaded from appearing in a jurisdiction for fear of being served with process in an unrelated action." *In re Arthur Treacher's Franchise Litig.*, 92 F.R.D. 398, 405 (E.D. Pa. 1981).

But where an individual is otherwise subject to the long-arm jurisdiction of a state, the purpose behind service of process immunity disappears. *See, e.g.*, *Pavlo v. James*, 437 F. Supp. 125, 127 (S.D.N.Y. 1977) ("It is clear that the reason for immunity—encouraging voluntary appearances—disappears if a defendant is otherwise subject to the extra-territorial reach of [a long-arm statute].").

Here, in the first civil case filed by Doherty-Heinze against Chrisley, this Court held that Chrisley is subject to personal jurisdiction within the State of Georgia under its long-arm statute. *See Doherty-Heinze v. Chrisley*, No. 3:21-cv-105-TCB [23] (N.D. Ga. July 18, 2022). Because of this holding, "little purpose is served by giving [Chrisley] immunity from process while he is participating in some other litigation in the state regardless of the nature of his capacity or relationship to

the pending action." WRIGHT & MILLER, FED. PRACT. & PROC. § 1076 (4th ed. Supp. 2022).

Thus, as here, when long-arm jurisdiction exists, the purpose of immunity from service of process is not thwarted. *See id.* n.18 ("[D]isallowing immunity in this situation actually might promote or guarantee the best possible notice."); *see also In re Arthur Treacher's Franchise Litig.*, 92 F.R.D. at 405 ("Therefore, on the assumption that [the defendant] could have been served pursuant to Pennsylvania's long-arm statute, it would be senseless to grant this motion due to the fact that he was personally served while [in the state to testify in another action]."). Chrisley's motion to dismiss for insufficient service of process will accordingly be denied.[1]

---

[1] Chrisley briefly notes in his reply brief that he intends to file an additional motion to dismiss for lack of personal jurisdiction should the Court deny this motion to dismiss for insufficient service of process. However, the Court's previous order facially remains applicable to this complaint, especially as it is in essence a supplemental pleading. It therefore "seems apparent that in personam jurisdiction over [Chrisley] would be sustained in the face of a direct challenge . . . , and the Court will rest its denial of the instant motion on what it considers to be a safe assumption." *Arthur Treacher's*, 92 F.R.D. at 405 n.2. And to the extent Chrisley takes issue with this assumption, the Court notes that this order contains a wholly independent reason, discussed below, why the motion would nonetheless be denied.

## 2. Application of Service of Process Immunity

Second, even if this Court had not already held that personal jurisdiction against Chrisley exists, immunity from service of process would still not apply.

Service of process immunity is ultimately a question of judicial discretion. As discussed, "because the privilege exists for the convenience of the district court in its exercise of judicial administration, rather than to protect the individual seeking to avoid service of process, courts enjoy the discretion to confer (or deny) immunity in such instances." *N. Light Tech., Inc. v. N. Lights Club*, 236 F.3d 57, 62 (1st Cir. 2001) (citation omitted).

Whether immunity should apply is therefore discretionary based on the unique facts of any given case. *See, e.g.*, *SPE GO Holdings, Inc. v. Anzo*, No. 2:10-cv-215-WCO, 2011 WL 13227984, at *5 (N.D. Ga. May 20, 2011) (listing three factors particular to the court's holding on immunity in that case).[2]

---

[2] Chrisley argues that three factors taken into account in *SPE GO Holdings, Inc.* should apply to this case. There, the court considered the following

Here, the due administration of justice does not require granting Chrisley's motion to dismiss for insufficient service of process.

Chrisley argued in his motion to dismiss that "despite being actively engaged in litigation *and* knowing where Chrisley resides, Plaintiff laid in wait for sixty days from the date of filing her lawsuit in this case (i.e., September 22, 2022) and egregiously chose to serve Chrisley with the Summons and Complaint while he was attending the sentencing hearing in his highly publicized and unrelated criminal case

---

specific factors underlying [its] decision. These factors are (1) defendant was not served in a lawsuit that he will have to defend in a foreign jurisdiction; (2) there is a substantial similarity between the two cases because they involve the same plaintiff, the same facts, and seek vindication of the same rights; and (3) the second federal suit carries out the purposes of the first state suit because defendant is a co-guarantor of the obligations at issue in the first suit.

*Id.* The Court does not agree that these factors are applicable to other cases, as immunity is a case-by-case determination based on the individual circumstances at play.

However, even if the factors were to apply here, this case would not require applying immunity. First, while Georgia is a foreign jurisdiction to Chrisley, the Court has already held that he is subject to personal jurisdiction within the state. Second, as further discussed below, Chrisley is involved in an almost identical suit in this Court between the same parties as here. Third, this suit would carry out the purpose of the first suit, as it would make little sense to have the first suit continue without the additional pleading alleged here.

at the Richard B. Russell Federal Building on November 21, 2022." [5] at 2.

However, Doherty-Heinze makes clear that this depiction is not entirely accurate. She (1) e-mailed Chrisley's counsel in the parallel proceeding multiple times about service; (2) mailed waiver of service forms to Chrisley's home; (3) attempted service at Chrisley's home on November 2, 4, and 8; (4) communicated with new counsel in this action about service multiple times; and (5) attempted service at Chrisley's home on December 14 after the filing of this motion.

As a preliminary matter, the Court agrees with the purpose of service of process immunity while attending hearings at a courthouse. This rule makes sense in many cases. But here, Chrisley's receipt of service of process at the federal courthouse came only after repeated attempts at service of process, including after the filing of this motion. Especially in light of Chrisley's impending incarceration at the time of service, deciding to serve him at the courthouse (although undesirable)

does not offend the due administration of justice. Therefore, Chrisley's motion to dismiss for insufficient service of process will be denied.[3]

### B. Case Consolidation

This issue comes before the Court sua sponte. Federal Rule of Civil Procedure 42(a) provides that if "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

Rule 42 is "a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

---

[3] Both parties discuss whether Chrisley's attendance at the sentencing hearing (involuntary in nature) matters for purposes of immunity. The Court finds that the law on this point is unsettled. *See, e.g.*, *Estate of Ungar*, 396 F. Supp. 2d at 380 ("While there is near-unanimity as to immunity for parties in *voluntary* attendance before the court, there is considerable division of authority as to whether the privilege extends to those compelled to be present, such as persons who are in custody [or] free on bond . . . ."). Therefore, because this ruling is based on the two independent reasons discussed above, the Court need not rule on this issue.

*Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985) (citations and internal punctuation omitted).

The Eleventh Circuit has "encouraged" district judges to "make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (citations and internal punctuation omitted). But district courts must consider whether consolidation could lead to prejudice or confusion. *Id.* Specifically, courts must assess:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Arnold v. E. Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982)).

Although neither party has requested consolidation, ample precedent supports the Court's authority to consolidate cases sua sponte. *See, e.g., Conn. Gen. Life Ins. Co. v. Sun Life Assurance Co. of Can.,* 210 F.3d 771, 774 (7th Cir. 2000) (Posner, J.) ("A court can in

13

appropriate circumstances consolidate cases before it . . . whether or not the parties want the cases consolidated . . . ."); *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) sua sponte."); *In re Cannonsburg Envtl. Assocs., Ltd.*, 72 F.3d 1260, 1269 (6th Cir. 1996) ("Although neither party requested consolidation, courts are routinely granted authority to consolidate related matters.").

The Court believes these matters are appropriate for consolidation for three reasons.

First, this action and the parallel action share common questions of fact and law. Both lawsuits involve claims of defamation arising, in part, from Chrisley's podcast. The only difference in this case is that the event at issue occurred after the filing of the first lawsuit.

Second, consolidation will result in lowered costs for both the parties, as the consolidation of discovery and trial will not result in unnecessary duplication.

Third, both cases are at similar stages of litigation. While discovery in the parallel suit began in August after the Court denied Chrisley's motion to dismiss for lack of personal jurisdiction, the Court will order the parties to provide an updated scheduling order to ensure both cases proceed on the same discovery track.

Therefore, this action will be consolidated into the parallel action both for pretrial purposes and trial. The Supreme Court has long held that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 298 U.S. 479, 496-97 (1933).

"[R]ather, consolidation is intended only as a procedural device used to promote judicial efficiency and economy." *Frazier v. Garrison I.S.D.,* 980 F.2d 1514, 1532 (5th Cir. 1993); *see also Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1094 (D.N.M. 2005) ("Consolidation is not like a marriage, producing one indissoluble union from two distinct cases. Instead, consolidation is an artificial link forged by a court for the

15

administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's facade, lie two individual cases.").

### III.  Conclusion

For the foregoing reasons, the Court denies Chrisley's motion [5] to dismiss for insufficient service of process. In addition, the Court consolidates this action with *Doherty-Heinze v. Chrisley*, No. 3:21-cv-105-TCB for pretrial matters and trial. It is the practice of the Court when cases are consolidated for all cases to be consolidated into the first filed case. Therefore, docketing shall occur only in case 3:21-cv-105-TCB, but the docket for case 3:22-cv-172-TCB shall reflect this Order. Additionally, the Court orders the Clerk of the Court to administratively close case 3:22-cv-172-TCB.[4] Finally, the parties are ordered to file an updated joint preliminary report and discovery plan that accounts for the consolidation of the two actions within fourteen days.

---

[4] Administrative closure is a docket-control device used by the Court for statistical purposes; it will not prejudice the rights of the parties.

IT IS SO ORDERED this 9th day of January, 2023.

                                                                 _____
                                                                 Timothy C. Batten, Sr.
                                                                 Chief United States District Judge