# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

AMY DOHERTY-HEINZE,

      Plaintiff,

    v.

MICHAEL T. CHRISLEY,

      Defendant.

Civil Action File No.

3:21-CV-00105-TCB
(consolidated with 3:22-CV-00172-TCB)

**Conference IS requested**

## <u>CONSOLIDATED PRETRIAL ORDER</u>

COME NOW Plaintiff Amy Doherty-Heinze ("Plaintiff") and Defendant Michael T. Chrisley ("Defendant"), and pursuant to Federal Rule of Civil Procedure 26(a)(3) and Local Rule 16.4, file this Consolidated Pretrial Order as follows:

1.

There are no motions or other matters pending for consideration by the court except as noted:

1.    Application for Admission of Andrew Sarangoulis, Esq. Pro Hac Vice filed on December 13, 2022 in 3:22-cv-00172-TCB (D.E. 6).

2.    Plaintiff also anticipates filing a motion for sanctions given Defendant's bad faith position taken for the first time in this Consolidated Pretrial Order that there is a dispute regarding authenticity of the *Chrisley Confessions* podcast recordings or whether Defendant Chrisley made the statements during the

podcasts alleged in the Complaint, as well as Defendant's refusal to stipulate to facts that are established by admissions in the record. Defendant has specifically admitted to making the podcast statements in his Answer (Dkt. 24) and his statement of material facts filed in support of his motion for summary judgment (Dkt. 63-2). Additionally, in response to a request for production of copies of the podcasts (both recordings and transcripts) in which he mentioned Plaintiff, Defendant objected on a number of grounds, including that the request "seeks publicly available information just as easily accessed by Plaintiff as Defendant. Plaintiff may obtain any episode of *Chrisley Confessions* she wants, for free, through various platforms, including at https://podcasts.apple.com/us/podcast/chrisley-confessions/id1430295246.

Defendant objects to Plaintiff's inclusion of her "anticipated" motion for sanctions in this Consolidated Pretrial Order based upon an objection that Defendant has made, in good faith and based on a prior order of this Court, to the authenticity of audio recordings of podcast episodes of *Chrisley Confessions*. In its Order Denying Chrisley's Motion for Summary Judgment, this Court stated:

> To properly authenticate evidence, the proponent of the evidence must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901. The specific requirements for authenticating an audio recording are as follows:
>
> > The proponent must demonstrate the recording is an accurate reproduction of the sounds previously audited by a witness—that is, the 'proponent must offer evidence

> relating to the competency of the operator, the fidelity of
> the recording equipment, the absence of material
> deletions, additions[,] or alterations in the relevant
> portions of the recording, and the identification of the
> relevant speaker.'

> *Mathews v. Clark Atlanta Univ., Inc.*, No. 1:17-cv-2963-MLB, 2023
> WL 2229670, at *4 (N.D. Ga. Jan. 13, 2023) (alteration in original)
> (quoting *Johnson v. Gwinnett Cnty. Sch. Dist.*, No. 1:11-cv-471-TWT-
> RGV, 2012 WL 5987584, at *3 (N.D. Ga. Oct. 17, 2012)).

(D.E. 74 at 7-8).

Here, there is no evidence that Defendant was involved in the act of recording

or has any knowledge regarding the recording equipment, recording operator,

alterations made to the recordings, or that he ever had possession of the recordings

in any manner. In fact, Plaintiff chose not to depose Defendant or serve discovery

on any of these issues, and, even if Plaintiff had issued discovery requests or had

chosen to substantively depose Defendant on these issues, he likely would not be

able to provide the answers to them. Plaintiff could have also issued subpoenas to

the podcast production company, PodcastOne, or deposed a corporate representative

of PodcastOne to obtain the necessary information to authenticate the audio

recordings, but chose not to do so. Instead, Plaintiff argues that Defendant's

acknowledgment that he made statements about Plaintiff on certain podcast episodes

warrants authentication of the podcast episodes themselves; however, that only

satisfies the last element (i.e. identification of the relevant speaker) and does not

suffice to authenticate audio recordings for evidentiary purposes under the law of this jurisdiction and the Court's prior Order.

*In accordance with the pertinent part of this Court's Instructions to Parties and Counsel ("Instructions"), § 18: Pretrial Conference, Motions in Limine, Daubert Motions (p. 21), all motions in limine shall be filed at least two weeks before the pretrial conference. Each party may file only one, consolidated motion in limine, supported by a brief not to exceed twenty-five pages. Briefs in oppositions to motions in limine should be filed at least one week before the pretrial conference and shall not exceed twenty-five pages.*

2.

All discovery has been completed, unless otherwise noted, and the court will not consider further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

Count I: Defamation by Libel: 28 U.S.C. § 1332(a)(1) (diversity)

Count II: Defamation by Slander: 28 U.S.C. § 1332(a)(1) (diversity)

Count III (from consolidated action): Defamation: 28 U.S.C. § 1332(a)(1) (diversity)

Defendant objects to this Court's exercise of personal jurisdiction over him for the reasons stated in his Motion to Dismiss (D.E. 4) and Renewed Motion to Dismiss filed (D.E. 13) as to both actions and for lack of proper service as stated in his Motion to Dismiss filed on December 12, 2022 as to 3:22-cv-00172-TCB (D.E. 5). Defendant recognizes that the Court has denied all of those Motions and is prepared to move forward with trial, but nevertheless reasserts his objections for record purposes.

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:   Nicole Jennings Wade
nwade@wgwlawfirm.com
Wade, Grunberg & Wilson, LLC
Bank of America Plaza
600 Peachtree St. NE, Ste. 3900
Atlanta, GA 30309
(404) 382-8132


Defendant:   Andrew Sarangoulis
BURR & FORMAN LLP
Las Olas Centre II
350 East Las Olas Blvd, Suite 1440
Ft. Lauderdale, FL 33301
(954) 414-6200
asarangoulis@burr.com

Other Parties: n/a

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

None.

7.

The captioned case shall be tried ( XX ) to a jury or ( ) to the court without a jury, or ( ) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

Plaintiff requests that the trial be bifurcated as a result of Plaintiff's demand for punitive damages, in accordance with O.C.G.A. § 51-12-5.1(d). *See, e.g., Galack v. PTS of America, LLC*, 2015 WL 11578452, at *1-2 (Sept. 9, 2015) (quoting *Webster v. Boyett*, 269 Ga. 191, 192-93 (1998)). In the first phase of the trial, the parties should present evidence on liability and the propriety of punitive damages and attorneys' fees, and the jury will determine liability, and, if appropriate, the amount of compensatory damages and whether punitive damages and attorneys' fees will be awarded. If the jury finds in favor of Plaintiff on liability and determines that punitive damages and/or attorneys' fees should be awarded, there will be a second phase of trial during which the parties will present evidence as to the amount of

punitive damages and attorneys' fees, and the jury will make a determination as to the amount due for such claims.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

~~Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.~~

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

*In accordance with this Court's Instructions, Trial Courtroom Procedures ¶ 4 (p. 27), the Court will call the name of each juror (one at a time) and have each juror answer the questions on the list attached to the Court's Instructions as Exhibit A. The Court will then ask those questions proposed by the parties in the Pretrial Order that the Court deems appropriate. One question will be whether any juror knows any witness in the case, so counsel should be prepared to identify the witnesses who may be called to testify (whether live or by deposition).*

11.

State any objections to plaintiff's voir dire questions:

State any objections to defendant's voir dire questions:

None

State any objections to the voir dire questions of the other parties, if any: n/a

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

> *In accordance with this Court's Instructions, Trial Courtroom Procedures ¶ 3 (p. 26), because this is a civil case that is not expected to last more than two weeks, the Court will empanel eight jurors, none of whom will serve as an alternate. The panel from whom the eight will be selected will normally consist of 18-20 prospective jurors. If counsel anticipate the need for a larger panel, e.g., in cases with media attention or in cases involving a mutual insurance company (which may be owned in part by one or more panel members), counsel should alert the Court promptly upon calendaring of the case for trial. In accordance with Trial Courtroom Procedures ¶ 4 (p. 27), each side shall be entitled to three peremptory strikes.*

Plaintiff requests that the Court consider a larger panel given Defendant's status as the star of the popular reality television show *Chrisley Knows Best* aired on the USA Network, the star of the popular podcast *Chrisley Confessions* available on Apple and other widely available streaming platforms, and a social media influencer

with over 2 million followers on social media platforms such as Instagram and Facebook.

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

(1) In its order dated January 9, 2023, the Court consolidated the litigation in *Doherty Heinze v. Chrisley*, No. 3:21-cv-105-TCB, with this action for pretrial matters and trial. (Dkt. 10 at 16).

(2) *United States v. Todd Chrisley*, 1:19-CR-297-ELR-1 (on appeal).

Additionally, Defendant contends that the following is pending related litigation:

(1) *Michael T. Chrisley and Julie H. Chrisley v. Joshua Waites*, 1:19-cv-4610-LLM (N.D. Ga.).

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

## 15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

## 16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

## 17.

The legal issues to be tried are as follows:

(1) Whether Plaintiff has established by a preponderance of the evidence that one or more of the identified statements made by Defendant about Plaintiff is false and defamatory *per se*;

(2) Whether Plaintiff has established by clear and convincing evidence that one or more of the identified statements made by Defendant about Plaintiff was published with actual malice;

(3) The amount of any compensatory damages to be awarded to Plaintiff;

(4) Whether Plaintiff has established by clear and convincing evidence that punitive damages should be awarded in accordance with O.C.G.A. § 51-12-5.1, and if so, the amount of punitive damages to be awarded;

(5) Whether Plaintiff has established by clear and convincing evidence that Defendant acted with specific intent to harm in accordance with O.C.G.A. § 51-12-5.1(f); and

(6) Whether Plaintiff has established that she is entitled to an award of attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, and if so, the amount of attorneys' fees and expenses to be awarded.

Additionally, Defendant contends that the following is a pending issue to be tried:

(7) Whether Plaintiff has established by a preponderance of the evidence that Defendant made the identified statements for which Plaintiff seeks damages.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, ~~and Attachment "F-3," etc. for all other parties~~ is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

*In accordance with this Court's Instructions § 17: Pretrial Orders—Exhibit and Witness Lists (p. 20), in listing witnesses, a party may not reserve the right to supplement his list, nor should a party adopt another party's list by reference.*

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, ~~and "G3", etc. for all other parties~~ are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

*In accordance with this Court's Instructions § 17: Pretrial Orders—Exhibit and Witness Lists (p. 20), the parties shall separately number each of their exhibits as to which a separate foundation must be laid. For example, exhibits should not be grouped as "hospital records" or "photographs." Similarly, exhibits should be numbered sequentially (e.g., P-1, P-2, etc.); do not use, e.g., P-1a, P-1b, etc. for a group of exhibits. In listing exhibits, a party may not reserve the right to supplement his list, nor should a party adopt another party's list by reference.*

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

By Plaintiff:

(1) Jamie Carter
    5:13-19
    6:1-18
    8:14—9:5
    12:23—13:9
    18:1-4
    18:14—20:22
    20:24—21:17
    21:21—42:13

(2) Michael T. Chrisley

For Phase 2 only:

(1) Trey Files, 30(b)(6) witness for 7C's Productions, Inc.

By Defendant:

None.

*In accordance with this Court's Instructions § 22: Objections to Deposition Testimony (p. 23), at § 22(a), all objections to any deposition testimony that may be offered as evidence at trial must be made at or before the time for filing motions in limine. Briefs in opposition to deposition objections must be filed within two business days of the date of filing the objections unless the deadline for filing briefs in opposition to motions in limine precedes that date, in which event briefs in opposition to the objections should be filed the same day as the briefs in opposition to motions in limine are due. Counsel are strongly encouraged to resolve deposition objections without the Court's involvement. Any unresolved objections will be discussed at the pretrial conference or before jury selection on the first day of trial.*

*In accordance with Instructions § 22: Objections to Deposition Testimony (p. 24), at § 22(b), if the deposition does not take place until after the deadline for filing motions in limine, all such objections must be made within two business days of counsel's first receipt of an electronic or paper copy of the deposition transcript. Briefs in opposition to the objections must be filed within two business days of the date of filing of the objections. Again, counsel are strongly encouraged to resolve these objections without the Court's involvement. However, counsel should promptly inform the Court of any unresolved objections so that the Court may address the objections as expeditiously as possible so as not to delay the trial.*

Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, ~~and "H-3", etc. for other parties~~, are any trial briefs which counsel may

wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

> *In accordance with this Court's Instructions § 23: Jury Instructions (p. 24), notwithstanding Local Rule 51.1 and unless otherwise directed by the Court, counsel shall email their proposed jury instructions in Microsoft Word format to the law clerk assigned to the case by 9:00 a.m. on the last business day before the first day of trial. Counsel should contact Ms. Wiggins to obtain the name and email address of the applicable law clerk.*

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

Proposed jury verdict forms are being submitted separately by each party and are attached hereto as Attachments "I-1" and "I-2".

## 24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

Plaintiff requests additional time—at least an additional 15 minutes—for argument because it will be necessary to introduce the jury to the 26 defamatory statements contained in 10 different social media posts and 5 different podcasts.

Defendant objects to any additional time for arguments and believes one-half hour for each side is more than sufficient time to adequately present each side's case to the jury given that this case is relatively straight forward and only anticipated to last approximately one week.

## 25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.

Not applicable.

## 26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met ~~in person~~ via Zoom on Friday, April 14, 2023, to discuss in good faith the possibility of settlement of this case. The court (__) has or (XX) has not discussed settlement of this case with counsel. It appears at this time that there is:

(__) A good possibility of settlement.

(__) Some possibility of settlement.

( XX ) Little possibility of settlement.

(\_\_) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

During the Pretrial Conference, Defense counsel would like to discuss the issue of Defendant's current incarceration. Defendant requests to be present for the trial in this matter by videoconference, and Defense counsel asserts that Defendant's presence at trial is critical and necessary to his defense as a large portion of this case turns on Defendant's state of mind and intent.

28.

The plaintiff estimates that it will require two (2) days to present its evidence. The defendant estimates that it will require 3-4 days to present its evidence. The other parties estimate that it will require (n/a) days to present their evidence. It is estimated that the total trial time is 6-7 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (XX) submitted by stipulation of the parties or (\_\_) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 20__.


_____
Timothy C. Batten, Sr.
Chief United States District Judge


Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court, as supplemented by this Court's Instructions to Parties and Counsel.


*/s/Nicole Jennings Wade*

Nicole Jennings Wade
Georgia Bar No. 390922
nwade@wgwlawfirm.com
Jonathan D. Grunberg
Georgia Bar No. 869318
jgrunberg@wgwlawfirm.com
G. Taylor Wilson
Georgia Bar No. 460781
twilson@wgwlawfirm.com

**WADE, GRUNBERG & WILSON, LLC**
600 Peachtree Street, NE
Suite 3900
Atlanta, GA 30308
(404) 600-1153 (Phone)
(404) 969-4333 (Fax)

*Counsel for Plaintiff Amy Doherty-Heinze*

*/s/Joseph H. Stuhrenberg (by njw with express permission)*

Joseph H. Stuhrenberg
Georgia Bar No. 398537
jstuhrenberg@burr.com
Andrew T. Sarangoulis
*Pro Hac Vice Pending*
asarangoulis@burr.com

**BURR & FORMAN LLP**
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

*Counsel for Defendant Michael T. Chrisley*

## ATTACHMENT A:

## JOINT QUESTIONS TO JURORS
## CONCERNING THEIR LEGAL QUALIFICATIONS TO SERVE

1.  Has anyone been convicted of a felony crime (punishable by imprisonment for more than one year) for which their civil rights have not been legally restored?

2.  Does anyone currently face a felony charge punishable by imprisonment for more than one year?

3.  Do you have any medical, personal, or financial problem that would prevent you from serving on this jury?

4.  Is anyone here a primary care provider for a child, elderly person, or anyone with a physical or mental disability that would impair your ability to sit on the jury?

5.  Do you know personally, or have you had any interaction with, Plaintiff Amy Doherty-Heinze?

6.  Do you know personally, or have you had any interaction with, Defendant Todd Chrisley?

7.  Do you know personally, or have you had any interaction with, Defendant Todd Chrisley's wife, Julie Chrisley?

8.  Do you know personally, or have you had any interaction with, Plaintiff's attorney Nicole Wade?

9.  Do you know personally, or have you had any interaction with, Plaintiff's attorney Jonathan Grunberg?

10. Do you know personally, or have you had any interaction with, Plaintiff's attorney Taylor Wilson?

11. Do you know personally, or have you had any interaction with, any other attorneys or employees at Wade, Grunberg & Wilson, LLC?

12. Do you know personally, or have you had any interaction with, Defendant's previous attorney Christopher Anulewicz?

13. Do you know personally, or have you had any interaction with, Defendant's previous attorney Patrick Silloway?

14. Do you know personally, or have you had any interaction with, Defendant's previous attorney Mitchell Fucetola?

15. Do you know personally, or have you had any interaction with, any other attorneys or employees at Balch & Bingham LLP?

16. Do you know personally, or have you had any interaction with, Defendants' attorney Andrew Sarangoulis?

17. Do you know personally, or have you had any interaction with, Defendants' attorney Joseph Stuhrenberg?

18. Do you know personally, or have you had any interaction with, any other attorneys or employees at Burr & Forman LLP?

19. Do you know anything about this case from any source other than what I have told you?

20. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have previously encountered.

21. Has anyone previously been disqualified from serving on a jury?

**ATTACHMENT B-1:**

**PLAINTIFF'S LIST OF GENERAL QUESTIONS FOR VOIR DIRE**

1.   Do any of you know anyone else sitting around you?

2.   Do any of you know Judge Batten or anyone else in the courtroom?

3.   Does anyone have strong feelings about people who bring lawsuits?

4.   Have you or a close friend or relative ever been trained or employed in the law, law enforcement, or a law-related field?

5.   Does anyone have strong feelings about law enforcement officers?

6.   Has anyone ever had occasion to call on the police for assistance?

7.   Have you or a close friend or family member every been a victim of police misconduct?

8.   Have you ever appeared as a witness in a trial? If so, please answer: What kind of case? Where and when?

9.   Do you have strong feelings about celebrities?

10.  Are you or a close friend or family member in the entertainment industry?

11.  Are you or a close friend or family member a blogger or social media personality?

12.  Which social media platforms do you use regularly?

13.  Do you follow any celebrity gossip accounts on social media? Which ones?

14.  Are any of you familiar with Todd Chrisley or his wife, Julie Chrisley?

15.  Are any of you familiar with any of Todd Chrisley's children, Kyle, Lindsie, Chase, or Savannah?

16.  Are any of you familiar with the television show *Chrisley Knows Best* on the USA Network? Have you watched it?

17. Are any of you familiar with the *Chrisley Confessions* podcast? Have you listened to it?

18. Do any of you, or any of your immediate family members to your knowledge, follow Todd Chrisley or any of his family members on social media?

19. Are there any cases, now or in the past, involving celebrities that you have followed with interest?

20. Do you think it is important to tell the truth?

21. Do you think it is important that others tell the truth?

22. Have you ever been harassed online or cyber-bullied?

23. Have you ever been publicly portrayed in a manner that was untrue or misleading or accused of doing something that you did not do?

24. Do you think people should have a thicker skin when it comes to things said about them online?

25. If you were sitting at one of these two tables, is there any reason why you would not want yourself as a juror in this case?

26. Is there anything that we covered too quickly that you would like to provide more information about?

27. Is there anything else that you feel is important for the parties in this case to know about you?

# ATTACHMENT B-2:

## DEFENDANT'S LIST OF GENERAL QUESTIONS FOR VOIR DIRE

*Initial Screening*

1. Is there anyone who because of medical or other important reasons cannot be available for the duration of the trial?

2. Is there anyone who suffers from any condition or situation that would make it difficult to give the parties your full attention and fair consideration if you were selected as a juror?

3. Is there anyone who has difficulty reading, writing, or understanding the English language, so that it would impair your ability to understand what you hear in court or to read the documents that may be used as exhibits?

4. Is there anyone here who is related to, or knows, or has had dealings with any of the lawyers in the case; any of the plaintiff; any of the defendant; or the following people who may testify at trial: [witnesses]?

*Background*

5. Is your partner/spouse employed or retired?

6. Does anyone's spouse watch reality television?

*Experiences*

7. Has anyone been called for jury duty prior to this case?

8. Has anyone served on a jury?

9. Have you or someone close to you ever been involved in a legal proceeding, either as a plaintiff, a defendant, or a witness?

10. Are you, or anyone close to you, employed as a law enforcement officer or by a law enforcement agency, including, but not limited to, the Georgia Department of Revenue?

11. Have you, or anyone close to you, been employed as a law enforcement officer or by a law enforcement agency in past, including, but not limited to, the Georgia Department of Revenue?

12. Would anyone here place more value on or be more likely to believe someone because he or she is currently or was formerly employed as law enforcement officer?

13. Would anyone here place less value on or be less likely to believe someone because he or she is currently or was formerly employed as law enforcement officer?

14. Have you ever been charged with or convicted of a crime?

15. Has anyone close to you ever been charged with or convicted of a crime?

16. Would anyone here place less value on or be less likely to believe someone because he or she was convicted of a crime?

*Media Viewing*

17. Is there any reason, whether it be a bias or something else, that would interfere with your ability to be fair in reaching a verdict?

18. Do you have any social media accounts?

19. Does anyone have strong feelings about social media?

20. Does anyone have strong feelings about reality television?

21. Do you watch reality television?

22. Have you heard of Todd Chrisley or the TV show Chrisley Knows Best?

23. Have you heard or read anything about this case?

24. Do you believe you may have known something about this case before you came to this courtroom?

*Opinions, Beliefs, and Values*

25. Who primarily gets their news from traditional news sources like cable news or the New York Times?

26. Who primarily gets their news from social media?

27. Would you hold it against a party if they are not physically present for this trial?

28. Who sometimes learns things from word of mouth?

29. Who wants to be on the jury?

30. Is there anything about your possible service on this jury that you should, or wish to, discuss with me that I have not already asked about?

**ATTACHMENT C:**

**PLAINTIFF'S OUTLINE OF THE CASE**

**Factual Summary of Cause of Action**

Plaintiff Amy Doherty-Heinze was an investigator with the Georgia Department of Revenue Office of Special Investigations. The Georgia DOR undertook an investigation of Defendant and his wife, Julie Chrisley, who were social media personalities and starred in a reality television show with their children. Defendant claimed that he and his family were unfairly targeted by the Georgia DOR, and he made numerous statements on social media and during his podcast attacking the Georgia DOR and its employees, including Plaintiff. Plaintiff has asserted claims against Defendant Michael T. Chrisley for defamation based on the statements he made about her in online posts and during his podcast, *Chrisley Confessions*.

**Authorities Creating Specific Legal Duty**

1) O.C.G.A. § 51-5-1, *et seq.* generally (Georgia's Libel and Slander code)

2) O.C.G.A. § 51-5-1(a) ("A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule.")

3) O.C.G.A. § 51-5-4(a) ("Slander or oral defamation consists in: (1) Imputing to another a crime punishable by law . . . (3) Making charges against another

in reference to his trade, office, or profession, calculated to injure him therein. . . .")

4) O.C.G.A. § 51-5-9 ("In every case of privileged communications, if the privilege is used merely as a cloak for venting private malice and not bona fide in promotion of the object for which the privilege is granted, the party defamed shall have a right of action.")

5) O.C.G.A. §§ 51-5-11 and 51-5-12 (governing retraction demand and failure to retract)

6) O.C.G.A. § 51-12-5.1 (governing punitive damages)

7) O.C.G.A. § 13-6-11 (governing award of attorneys' fees and costs)

8) *StopLoss Specialists, LLC v. VeriClaim, Inc.*, 340 F. Supp. 3d 1334, 1346 (N.D. Ga. 2018) ("To establish a viable claim sounding in defamation a plaintiff must plead and prove the following four elements: '(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting to at least negligence; and (4) special harm or the actionability of the statement irrespective of special harm.'" (citation omitted)).

9) *Barnes v. O'Connell*, 300 Ga. App. 399, 400 (2009) (holding that "to impute the crime of theft to a person is actionable per se without proof of special damages")

10) *Herbert v. Lando*, 441 U.S. 153, 164 n.12, 165 (1979) (holding that "actual malice may be shown in many ways," including "all the relevant circumstances surrounding the transaction . . . including threats, prior or subsequent defamations, subsequent statements of the defendant, circumstances indicating the existence of rivalry, ill will, or hostility between the parties")

11) *Harte-Hanks Commc'ns., Inc. v. Connaughton*, 491 U.S. 657, 668 (1989) (holding that although direct admissions are a rare plus, a "plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence")

12) *Barber v. Perdue*, 194 Ga. App. 287, 289 (1989) ("Courts have traditionally admitted any direct or indirect evidence relevant to the state of mind of the defendant." (citation omitted))

13) *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) ("Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call. Nor will they be likely to prevail when the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation. Likewise, recklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports.")

14) Additional authorities cited below under "Damages Claimed" for specific damages sought.

## List of Defamatory Statements

Defendant made 26 defamatory statements in 10 social media posts (7 on Instagram, 2 on Facebook, and 1 on tubefollow.com) and 5 different podcasts. The social media posts were made on March 9, May 28, July 6, and July 7, 2020. The podcasts were streamed on March 11, May 20, June 3, and July 8, 2020, and September 22, 2021. The individual statements, together with the source and immediate context, are as follows:

52636030 v1

***Statement 1***: "Amy Doherty-Heinze . . . putting those taxpayer dollars to work at the expense of the Georgia Taxpayers"

*From:* March 9, 2020 Instagram post:



**Statement 2:** "it wasn't their paychecks paying for it, it was taxpayer dollars from a slush fund"

*From:* March 9, 2020 Instagram comment:



**Statement 3:** "yes mam [sic]" in response to "Are they vacationing at the tax payers' expense ???"

*From:* March 9, 2020 Instagram comment:



**Statement 4:** "because I have the records to prove it" in response to "I too would like to know how to verify this as true"

*From:* March 9, 2020 Instagram comment:



**Statement 5:** "the forfeiture fund paid their way and they are suppose [sic] to be in Training, not out partying"

*From:* March 9, 2020 Instagram comment:



**Statement 6:** "You were supposed to be there for a conference, but yet you're . . . out drinking with two other individuals with the Georgia Department of Revenue that's supposed to be there on the taxpayer's dime. You're there, you've got a picture of you at Disney during the daytime . . . When the hell was you at this conference, Amy? What did you learn in this conference? How many hours were you there?"

**Statement 7:** "We've got people that left the Georgia Department of Revenue . . . that have told and provided tons of documentation. So what you need to understand is that we already know the answer—you're the only one living on the land of denial and thinking that no one's going to come for you."

*From:* March 11, 2020 podcast *Chrisley Confessions* (episode 77, "Pick that Phone Up Out of Respect, Accountability Belongs to God, and This is Where You Are on Your Walk"):

9:36—9:53: "*If I put it on my social media, you can rest your—you can bet your ass that I've already got the proof, I've got the receipts for it. Or I wouldn't be posting it because I wouldn't want to be harming someone or their character and reputation by saying something that wasn't true.*"

15:45—17:50: "*Now Amy, listen. You already know that you're next. Surely you know that I have the information about your lack of qualifications to be in the position that you're in. Surely you know that I know how you got there. Amy, Amy, Amy, now tell your sister don't come and post on my social media page because she walked over, but she'll limp back. That I guarantee you. So I don't need her to tell me that she gave y'all free passes to Disney. You were there per open records request Amy. You were supposed to be there for a conference, but yet you're posting pictures on your Facebook of you out drinking with two other individuals with the Georgia Department of Revenue that's supposed to be there on the taxpayer's dime. You're there, you've got a picture of you at Disney during the daytime, and you've got a picture of you and I quote "beers around the world" posing in front of Epcot. When the hell was you at this conference Amy? What did you learn in this conference? How many hours were you there? So don't run and hide, because sister when I tell you, everyone around you is talking. If you think that—there's people around you that have told things, that you are sitting with, running with. And it's ironic to me that you are running with these people and yet they're calling and telling us stuff. We've got people that left the Georgia Department of Revenue of their own free will, some maybe not of their own free will, that have told and provided tons of documentation. So what you need to understand is that we already know the answer—you're the only one living on the land of denial and thinking that no one's going to come for you.*"

**Statement 8:** "Corrupt ass sister"

*From:* March 11, 2020 Instagram comment:



**Statement 9:** "You've got Amy Doherty who is in control of the evidence room within the Department of Revenue, and yet there's evidence missing. You know, there's items that's been seized from taxpayers that the Georgia Department of Revenue cannot account for. Cash, cell phones, items taken during seizures, things like that."

**Statement 10:** "It's obstruction of justice when Amy Doherty destroys documents and lies to agencies that she didn't do certain things that we know that she did. I mean at the end of the day Amy Doherty-Heinze is as guilty as Josh Waites has ever been and we're going to bring all of that out in court."

*From:* May 20, 2020 podcast *Chrisley Confessions* (episode 85, "Not Valid Expectations, Dictionary Definition of Ho, and Heartache Down the Road"):

6:20—6:53: "*We've got other information that's come out in the last week that's just appalling. It just never, it never ceases to amaze me. It really never ceases to amaze me at how deep this corruption goes. You've got Amy Doherty who is in control of the evidence room within the Department of Revenue, and yet there's evidence missing. You know, there's items that's been seized from taxpayers that the Georgia Department of Revenue cannot account for. Cash, cell phones, items taken during seizures, things like that.*"

17:43—18:52: "*But at the end of the day, this is corruption at its pure definition. At its pure definition, this is corruption. And it needs to be dealt with and it needs to be dealt with swiftly. It's obstruction of justice when you have Joshua Karl Waites destroying evidence in the midst of a federal investigation, that's obstruction of justice. It's obstruction of justice when Katie Colvin destroys things—and refuses to tell the truth. That's obstruction of justice. It's obstruction of justice when Amy Doherty destroys documents and lies to agencies that she didn't do certain things that we know that she did. I mean, at the end of the day Amy Doherty-Heinze is as guilty as Josh Waites has ever been, and we're going to bring all of that out in court. So my question to the Inspector General and to David Curry—Mr. Curry, if you want to do what's right, you know that you have rogue agents within your agency. Amy Doherty is a prime example. Katie Colvin is a prime example.*"

**Statement 11:** "the Georgia Dept of Revenue and their employees that have committed multiple felonies : . . . 5) Amy Doherty Heinz"

*From:* May 28, 2020 Instagram post:





**Statement 12:** "I get to find out about, you know, Amy Doherty, and this gun shooting that she was involved in, and how she celebrates the kill every year. . . . And every year it's called 'celebrate the kill.' …this celebration of this kill. No one should be celebrating taking another human's life. But Amy Doherty-Heinz obviously– . . . I've been told that there is factual basis for this."

**Statement 13:** "But I'm getting all the documentation hopefully by Friday, and I'll fill everyone in on that. But you know, when you have somebody like Amy Doherty-Heinze who's sitting there committing felonies – and these are just the felonies that we know about – and she's still allowed to sit in that position that she's in right now with access to people's backgrounds, their histories, they have prosecuted other people in the State of Georgia for committing these crimes, yet she is still sitting on her job. . . . so that we can figure out why the Attorney General, Chris Carr, has not demanded that charges be brought against these individuals, Amy Doherty-Heinze…."

*From:* June 3, 2020 podcast of *Chrisley Confessions* (episode 87, "We're Here for the People"):

38:18—41:47
Todd (38:18): *"I will not die poor, you know why folks? Because God has me. God, for the first time in my life, my walk with Christ is closer than it's ever been. I don't walk in fear, I walk in faith. I am closer to my wife, I'm closer to my children. You know, what we've been through prior to all of this has been horrific. But what we're going through now is like something I've never seen. I mean, you know, in going through all of the stuff that I've dealt with with the Georgia Department of Revenue, I mean, you know, Josh Waites, Amy Doherty, I mean there's a guy David Ward that worked at the Department of Revenue, all these people came from Clayton County, and I just read an article today to where David Ward had to hire an attorney when he was with Clayton County to represent a race situation that he was involved in, but yet he was transplanted to the Department of Revenue. I get to find out about, you know, Amy Doherty, and this gun shooting that she was involved in and how she celebrates the kill every year. You know—*

Julie (39:33): *She what?*

Todd (39:34): *Yeah, yeah, that's what was told us. So let me preface folks, I'm repeating what I have been told. I'll have you the facts next week. But Amy Doherty was involved, while in Clayton County, in a shooting that killed a man. And every year it's called 'celebrate the kill.' Now she, folks, is working for the Department of Revenue. So this is the story that was brought back to me—as I tell y'all every week, we get these phone calls, we get these messages on Instagram and Facebook and people reaching out to us. Now this individual has come forward, you know, with copies of these—or rather photographs of these notes and things that Amy has written or, and that Jeff Mitchell in his journal has written, and things like that, and then he proceeds, this individual proceeds to tell me about this celebration of this kill. No one should be celebrating taking another human's life.*

Julie (40:33): *No, no.*

Todd (40:34): *But Amy Doherty-Heinze obviously—and I want to preface, I'm repeating what I've been told, and I don't like to repeat things that are going to harm people if there's no factual basis for them, I've been told that there is factual basis for this, if there's not, then I apologize, and I will retract it next week. But I'm getting all the documentation hopefully by Friday, and I'll fill everyone in on that. But you know, when you have someone like Amy Doherty-Heinze who's sitting there committing felonies—and these are just the felonies that we know about—and she's still allowed to sit in that position that she's in right now, with access to people's backgrounds, their histories, they have prosecuted other people in the State of Georgia for committing these crimes, yet she is still sitting on her job. Now I'm gonna make these things public, and I'm giving them to the press over the course of the next few weeks so that they can put all of this stuff out there so that we can figure out why the Attorney General, Chris Carr, has not demanded that charges be brought against these individuals, Amy Doherty-Heinze, Katie Colvin Vancil, Jeff Mitchell, Josh Waites."*

**Statement 14:** "Amy Doherty Heinz (3rd photo) who has committed crimes against our family . . . she's allowed to now go to another state agency and commit the same crimes there that she committed at the DOR. . . . These police officers like Amy Doherty Heinz [sic] . . . have committed crimes and should be punished for them like anyone else who breaches their oath, and it's my goal to make this happen and shed light on those that refuse to do it."

**Statement 15:** "you have these ass clowns who use their badge to lie, cheat, steal, and bully people and it's all because they want power over the people"

**Statement 16:** "the OSI division that started this witch hunt against our family and led by law enforce ER [sic] officers . . . Amy Doherty Heinz has been stripped down to 5 employees for that division"

**Statement 17:** "Email- helpdesk@gapost.org if you would like to file a complaint against . . . Amy Doherty for illegal activities."

*From:* July 6, 2020 Facebook post:



**Todd Chrisley** ✔
July 6, 2020 · 🌐

Georgia Dept of Revenue uses a "Reduction in force as their excuse to get rid of some that have committed felonies and misdemeanors , the DOR let 40 people go last week and one of those was Amy Doherty Heinz (3rd photo) who has committed crimes against our family , she was let go so she could maintain her post certification , folks , that means she's allowed to now go to another state agency and commit the same crimes there that she committed at the DOR , well, NOT on my watch . then we have the lying stealing Joshua Karl Waites who was FIRED for lying , he has destroyed evidence , wiped his cell phones and computers after being served with notice to preserve these devices and yes Josh , we have proof of that, this ass clown could at least say Thank you to the taxpayers that he stole from to buy his camper , his new pool in his yard and all his lavish gifts he's been buying .These police officers like Amy Doherty Heinz and Joshua Karl Waites have committed crimes and should be punished for them like anyone else who breaches their oath,and it's my goal to make this happen and shed light on those that refuse to do it . There are so many good decent police officers that do their job with pride and honor and then you have these ass clowns who use their badge to lie , cheat, steal, and bully people and it's all because they want power over the people , please contact the Governors office @briankempga and asked why he is allowing this behavior to go right under his nose. I will be posting screenshots everyday of everyone who has lodged a complaint and asked Kemp WHY this isnt being addressed with charges being brought .. Thanks so much for your support , we are making progress , the OSI division that started this witch hunt against our family and led by law enforce ER officers "Joshua Karl Waites and Amy Doherty Heinz has been stripped down to 5 employees for that division and I'm still coming for those spots , well over 40 people are out of the DOR and I'm still working .. GA POST Peace Officers Standards and Training 779-732-5064
Email- helpdesk@gapost.org if you would like to file a complaint against Josh Waites and Amy Doherty for illegal activities .



👍😮❤️ 1.1K                    158 comments   113 shares

👍 Like            💬 Comment            ↪ Share

***Statement 18:*** "ask for a full investigation of this woman 'Amy Doherty Heinze' . . . she can go to any other state job and do the same criminal acts over and over again . . . get rid of any police officer that has abused their power and badge for their own ego or to line their pockets"

*From:* July 7, 2020 Facebook post:



**Statement 19:** "Amy was let go, and you know, I had been pushing for that for probably 8 months. . . . Now, folks, that was Mr. Curry, the commissioner's way of culling out the people that he knew that had committed crimes, but he did not want to fire her because he didn't want to bother her POST certification."

**Statement 20:** "and she did do wrong, she—Amy Doherty-Heinze utilized a federal database, GCIC, to gain information that she would not have had without pulling it about me, Julie, and Chase. And she did this knowing that it was wrong and knowing that she should have never done it."

**Statement 21:** "Well, what happens folks when you have someone with POST certification and you let them go because of criminal conduct or doing things that breaks the law or things that are inappropriate or violates their job description, you have a duty, David Curry has a duty as the commissioner, to notify POST about what he knows that Amy did. Her POST certification, she should lose that, because what's gonna happen is, she's applying for positions with other police departments which will allow her to continue to have her badge, which will allow her to keep her POST certification, and allow her to go and utilize tools that the law enforcement has at their hands, for wrongdoing, which is what she did with us. Now that's been proven folks. . . . the criminal conduct that she did while employed with the Georgia Department of Revenue."

**Statement 22:** "Amy Doherty-Heinze was utilizing GCIC on her own. She was doing it for shits and giggles just cause she's nosy as hell and wanted to figure out a different angle on how to take someone down so her name could be attached to that story."

**Statement 23:** "The same thing goes with the shooting that she was involved with with a young African-American young man who was shot and killed. And the conversation that was brought back to us was that she and the other officers involved in that, they celebrate that, that kill date. Folks, do you understand how serious that is? But yet we're gonna allow her to continue with a badge? And a gun? . . . There should be no celebration there."

*From:* July 8, 2020 podcast *Chrisley Confessions* (episode 92: "Do the Right Thing, The Truth Comes Out, and God is Good"):

Todd: (3:15—9:14): *"You know, I give you guys an update, or try to give you guys an update on the Georgia Department of Revenue every week. And something that I find that I wanted to talk about today, it does pertain to Georgia Department of Revenue, but it also pertains to the perception of people on social media. You know, when we go out here and with social media, and we take a photograph and you've got a filter on it, you've just enhanced your look. And that's not really, the picture you've posted is really not the picture that you are. And we have fallen into this thing of believing everything that's on social media. And, from the photographs to relationships, to whatever. And I love social media, I think it's a great thing. But I also think at the same time, it is the downfall of this generation. Because we live for other people's opinions and their likes and their critiques and what have you. Folks, I use social media as a tool to make people laugh, to shed light on injustices that are occurring in our country and with people that don't have a voice. I use social media to share, you know, happy moments in our lives, you know, with my kids and what have you.*

*But I don't use social media to harm anyone and so I want to make sure— you know, there was a couple of people that posted, I posted yesterday on my Instagram about Amy Doherty-Heinze, who was—and I'm proud to say was—an employee of the Georgia Department of Revenue. Now, Amy was let go. And you know, I had been pushing for that for probably 8 months. Now, you know, David Curry who is the commissioner, he lumped Amy in with about 40 other employees and did this mass layoff. Now, folks, that was Mr. Curry, the commissioner's way of culling out the people that he knew that had committed crimes, but he did not want to fire her because he didn't want to bother her POST certification. So let me explain to you with, you know, with that. What that means is is that when you have someone within a state position that has POST certification, if they do wrong—and she did do wrong, she—Amy Doherty-Heinze utilized a federal database, GCIC, to gain information that she would not have had without pulling it about me, Julie, and Chase. And she did this knowing that it was wrong and knowing that she should have never done it. And yes folks, we know that the GCIC's were pulled, we have the documentation on that. And we also have people that was involved with Amy, the ringleader that has come forward and acknowledged that she pulled these GCIC's on her own, and that he was not involved in that part of it. Which is ironic, I mean you know that, that*

*we would be listening to that, because I mean clearly we all know that Josh Waites had his hands on everything.*

*But I posted this photograph of Amy on my Instagram and huge, huge feedback, I think right now there's 600 comments or 500 and something comments and about 20,000 likes, and I'm going to be posting another **post today about Amy because I now know that Amy has reached out in trying to stay in law enforcement, trying to secure another job. Well, what happens folks when you have someone with POST certification and you let them go because of criminal conduct or doing things that breaks the law or things that are inappropriate or violates their job description, you have a duty, David Curry has a duty as the commissioner, to notify POST about what he knows that Amy did. Her POST certification, she should lose that, because what's gonna happen is, she's applying for positions with other police departments which will allow her to continue to have her badge, which will allow her to keep her POST certification, and allow her to go and utilize tools that the law enforcement has at their hands, for wrongdoing, which is what she did with us. Now that's been proven folks. So, a lot of you kept saying what did this woman do, what did this woman do. Well if you listen to Chrisley Confessions, you'd know what she did because I talk about it every week. If you'd read the caption you'd know what she did because I posted it there. But this one individual said it's kinda unfair for you to post this photo of this woman when you're not gonna tell us what she did and because you have so many followers—so many more followers than what this girl has, woman has. I don't care if this woman had a gazillion followers or if she's got 2. Changes nothing about the criminal conduct that she did while employed with the Georgia Department of Revenue. Doesn't change the things that she did when she was working for Clayton County. It doesn't change the relationship she had with Joshua Carl Waites.** It doesn't change the fact that she was a snitch within her own department feeding false information back to the HR department about employees that she couldn't control, so she figured if she couldn't control them, she'd make up lies on them and then get them fired. And then she could bring in who she wanted. And that's folks basically the way that the whole Georgia Department of Revenue is collapsing right now. Because Stacey Guest built this department on her cronies from Clayton County and bringing in people that would do corrupt things. . . ."*

Todd (9:56—10:11): "*And Stacey, I know you tune into the podcast. Just as you do, Merrill. Just as you do, Katie. Just as you do Amy, just as I know everyone with the Department of Revenue that knows what's going on is listening to this podcast. So I'm calling you out now. This ain't no hearsay, it's what Todd said. I look forward to that question being posed to you, Stacy, and I look forward to what your answer is, because need I remind you that if you lie in that deposition about that question, you have perjured yourself, and nothing that you say at that point forward will have any credibility. But you already know that Stacy, that's why you're so up in arms right now, trying to, like a cat covering shit, trying to, you know, cover your trail, but doesn't matter, we already have been on the trail now for quite some time.*"

Julie (10:42—11:55): Commercial

Todd (11:56—13:33): "*So folks, what I'm saying to you is, is that, do the right thing. Take 5 minutes out of your day, contact, you know the Georgia POST Peace Officers Standards and Training Line, 770 732 5604, or you can email help desk, h-e-l-p-d-e-s-k, at g-a post, p-o-s-t, dot org. Ask for a full investigation into Joshua Carl Waites, into Amy Doherty-Heinze, into Scott Sintille, into Jeff Mitchell, into Jim Beverage. Ask for a full investigation into these individuals because folks, if they have a badge and just because they're fired or let go or laid off — whatever the term is that the Georgia Department of Revenue's commissioner, David Curry, wants to put on it, fine. They're not there. But the problem is is that this disease, you didn't er—you just eradicated it from your division. You know, you didn't stomp it out. And so what needs to happen is is that the Georgia POST needs to review all of the facts, they need to do their interviews, they need to speak with the Chrisleys, they need to speak with the Chrisleys' counsel, they need to speak with OIG because I know that OIG has a lot of the criminal conduct that has been alleged against Amy Doherty-Heinze, against Katie Colvin Vancil, against Scott Santille, against Jeff Mitchell, you know, against Scott Purvis, against Stacey Guest, against Jim Beverage. . . .*"

Todd (14:08—14:36): "*So what I'm saying to you is go out, it takes only 5 minutes to make a phone call or an email and even if you're not in Georgia, contact, use the email that I just gave you, use the phone number, because these folks in Georgia that are residents there, they*

*deserve to be represented by people of ethics, people of compassion, people that are honest. And that's not what's happening."*

Todd (16:05—16:24): "*But Amy Doherty-Heinze, Josh Waites, all of these people that had badges that are certified through POST, that can go out here and get other police officers jobs, that needs to stop. They should not ever be allowed to work in law enforcement again. Ever.*"

Todd (17:05—21:48): "*Where was the accountability? There was no one there other than Joshua Carl Waites that was telling them what they could get away with. And they were doing exactly what he told them to do and some of them, according to the report that we've received, Amy Doherty-Heinze was utilizing GCIC on her own. She was doing it for shits and giggles just cause she was nosy as hell and wanted to figure out a different angle on how to take someone down so her name could be attached to that story. The same thing goes with the shooting that she was involved with with a young African-American young man who was shot and killed. And the conversation that was brought back to us was that she and the other officers involved in that, they celebrate that, that kill date. Folks, do you understand how serious that is? But yet we're gonna allow her to continue with a badge? And a gun? Now I, what I'm repeating – now what I'm stating is something that I was told by someone that worked with her that, that literally knew of the anniversary of the death of this young African-American male, that she and her former colleagues that were involved in the shoot, that they all get together, or they have a phone call, on the one year anniversary each year of this shoot day. Folks, there's no celebration there. There should be no celebration there. I can't imagine that you would want to have a conversation about it, because it would haunt me for the rest of my life if I had taken someone's life. And especially if I had taken someone's life in a way that could have been prevented. So we should not be giving credit to police officers who are out here murdering people, out here putting their knees in the necks of any individual—black, white, Asian, other—it's wrong. There's not enough training going on. This badge, when someone puts it on, it's almost like it says to them, I'm invincible, I can do what I want to do, the laws don't apply to me, I can manipulate the law to say whatever I want it to say because you're the civilian, I'm the police officer, when I go into a courtroom, I automatically get more credibility than you do. Folks, those days are over. I wouldn't want to be a police officer going into a courtroom because I don't believe that the*

*credibility is there anymore for police officers, and I don't believe all police officers are bad, I've said that in previous podcasts. But what I will say is is that it's appearing as if there's a lot more bad than what we had ever anticipated. You, you like to say, there's a bad apple in every bunch. Well, you know what, we're kind of getting to the point now to where it's 50/50. And when you start seeing those kinds of ratios in law enforcement, there is something that needs to be done, immediately. Because these people work for the taxpayers.*

*So, you know, what I would say, again, is please contact the Georgia POST peace officers standards and training at 770 732 5604 or email help desk at Georgia post.org. Amy Doherty-Heinze, Scott Santille, Jeff Mitchell, Scott Purvis, Josh Waites. These individuals—Jim Beverage— these individuals all need to be investigated by the Georgia POST. And if they find—come to the same conclusions that we have, and we have the evidence to prove what I'm saying or folks, I wouldn't come on this podcast and say it if we didn't have the documents and this testimony to back it up. So everything that I say on this podcast, I say it because the proof has been provided to me and to my counsel to show that what I'm going to say is factual. So do the right thing, folks, if you listen to the podcast, it'll take you 2 minutes to dial that number and file your complaint. If you are sitting at your desk, it'll take you 2 minutes to send that email to the help desk. Do the right thing and help prevent other families from going through what the Georgia Department of Revenue and Amy Doherty-Heinze and Josh Waites and Katie Colvin-Vancil and Jeff Mitchell and Rufus Paine and all these other people there, stop them from doing this to another taxpayer who may not have had the resources or the platform to shed light on the lies and the deceit and the destruction that these people have done. So I ask again, please take the time to contact the Georgia POST."*

**Statement 24:** "This police officer helped . . . others to try and destroy our family, she committed crimes and abused the federal GCIC database to help create a false story about us and all for publicity, well now, she's getting the publicity that she wanted."

*From:* July 2020 post on tubefollow.com:



**Statement 25:** "There should be prosecution through the Georgia Bureau of Investigations, through the illegal use of the GCIC program that was utilized by Amy Doherty-Heinze. So these things should be criminally prosecuted."

**Statement 26**: "And I find it ironic that Amy Doherty-Heinze, after illegally accessing GCIC and pulling GCICs on myself, Julie, Chase, and Savannah … that she is now the victim that this has harmed her."

*From:* September 22, 2021 podcast *Chrisley Confessions* (episode 154, "False Allegations, The Circus of Clowns, and Pushing the Door Back Open"):

47:30—49:26: "*You know, there should be prosecution through the Georgia Bureau of Investigations, through the illegal use of the GCIC program that was utilized by Amy Doherty-Heinze. So these things should be criminally prosecuted, and it's now in the hands of Chris Carr, the attorney general of the State of Georgia. Now, if Chris Carr sits on this and does nothing, we'll continue to shed light to it, we're gonna*

*continue to shout it to the rooftops, we're gonna continue to bring press coverage to it, and we're going to continue to make sure that when it's time for elections to be had, that our voices are heard, that we are there in the State of Georgia, that we're there to support whoever's running against these individuals who refuse to do their jobs. It's that simple, folks. You cannot hold us back, you cannot, you cannot suppress our voice. We have a First Amendment right to freedom of speech, and anything that I say on this podcast is the truth, and we can prove it's the truth. Now, you know, we had filed our response to Amy Doherty-Heinze's suit saying that I defamed her. You should go look it up, it's an interesting read. And we look forward to watching that work its way through the system."*

50:47—54:09: "*And I find it ironic that, that Amy Doherty-Heinze after illegally accessing GCIC and pulling GCIC's on myself, Julie, Chase, and Savannah, keep in mind—nothing, no one's ever accused Chase and Savannah of any, any wrongdoing, that she is now the victim that this has harmed her. You know when I sit through these depositions and I hear the attorney representing Josh Waites, and I, and I understand that she—and listen, we've kinda got a, you know, me and this attorney's kind of got a love-hate relationship. I shouldn't really say hate because really I don't hate her now, because I realize that she has a job, and that she has to do her job, and that she's there to represent her client. But, you know, when I hear her say to Amy Doherty-Heinze, you know, and, you, you know, a man will never understand how, how, how you feel being in an authoritative position, and—no, no, that's, that's not right. That's not right. A man doesn't understand being passed up for a position that is given to a woman who does not have the same credentials or the same years of service or the ability to do the same job. That's where the resentment starts. But I want to make sure that it's very clear, the resentment didn't come from a man in this position, it came from wom— other women that had been passed up for this promotion that Amy got, that had way more years of experience in law enforcement than Amy did. So I look, you know, listen, I look forward to that case moving forward, and I look forward to the things that are going to come out of it.*

*As far as, you know, these other people like, you know, that are being deposed, it's the same question—has this case caused you emotional and psychological stress? Has it caused, you know, psychological stress on you and your family and your wife? Well, guess what ma'am, it's caused*

*psychological stress on me and my family because we were targeted by Josh Waites. So if you're gonna come in these depositions and flip it and try to claim that these assclowns that have now, the Office of the Inspector General has stated committed crimes, they don't get to say that because I posted this on my social media and outed them for doing it, and because I talked about it on this podcast, they don't get to say that they've been harmed emotionally and psychologically. These are police officers that are corrupt, that committed crimes, and they are exempt from having emotional stress, they're only getting emotional stress because their ass got caught. We have experienced emotional and psychological stress. We have, are the ones who have cried at night wondering where is this going to go, how do we prove the lies that have been told about us?"*

## Damages Claimed

**1. Compensatory Damages**

(a) <u>Description</u>: Plaintiff is entitled to recover compensatory damages, including presumed damages for injury to her reputation, for her personal humiliation, and for her mental anguish and suffering, as a result of Defendant's false and *per se* defamatory statements about her to over 2 million of his followers/listeners.

(b) <u>Dollar Amount Claimed</u>: Plaintiff will request an amount in excess of $75,000, to be determined by the enlightened conscience of the jury as fair compensation for Defendant's false and *per se* defamatory statements to over 2 million of his followers/listeners. Plaintiff currently anticipates that she is likely to suggest to the jury that an award of at least $3 million would be an appropriate amount of damages to compensate her for the presumed

damage to reputation, personal humiliation, and mental anguish and suffering resulting from Defendant's defamatory statements about her.

(c)    Citation to Authority Authorizing Recovery:

    i.    O.C.G.A. § 51-5-4(b): in the case of defamation *per se*, "damage is inferred"

    ii.    O.C.G.A. § 51-12-2(a): General damages are presumed to flow from any tortious act, "they may be recovered without proof of any amount"

    iii.    O.C.G.A. § 51-12-12: "The question of damages is ordinarily one for the jury. . . ."

    iv.    *Melton v. Bow*, 241 Ga. 629, 630 (1978) (citations omitted): "To impute the crime of theft to a person is actionable per se without proof of special damages. [Plaintiff] had no burden to prove that his reputation had been damaged by the statements imputing a crime to him. The law infers injury to his reputation."

    v.    *John D. Robinson Corp. v. Southern Marine & Indus. Supply Co.*, 196 Ga. App. 402, 405-06 (1990): "Where, as here, evidence was presented from which the jury could find libel per se, the plaintiff may recover general damages without a showing of special damages."

    vi.    *Riddle v. Golden Isles Broadcasting, LLC*, 292 Ga. App. 888, 891 (2008) (citations omitted): "[T]he more customary types of actual harm

inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. And where, as here, the words uttered constituted slander per se by imputing the commission of a crime to another, the law infers an injury to the reputation without proof of special damages. Such an injury falls within the category of general damages. . . . Therefore, in this case, the 'measure or criterion of the general damages which the law infers as flowing from a slanderous statement which is actionable per se is the enlightened consciences of an impartial jury.'"

## 2. Attorneys' Fees and Expenses of Litigation

(a) <u>Description</u>: Plaintiff is entitled to recover attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 because Defendant has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

(b) <u>Dollar Amount Claimed</u>: Plaintiff will request an award of attorneys' fees in the amount of 40% of her total recovery in accordance with her engagement agreement dated July 6, 2021. Plaintiff will also request an award of expenses, which total $7,430.41 to date (and will obviously be increased by the time of trial).

(c)     Citation to Authority Authorizing Recovery

    i. O.C.G.A. § 13-6-11: "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specifically pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

    ii. *Southern Co. v. Hamburg*, 220 Ga. App. 834, 841 (1996) (cleaned up): "A plaintiff may recover for bad faith concerning the transactions and dealings out of which the cause of action arose. OCGA § 13-6-11. . . . Despite the existence of a bona fide controversy as to liability, a jury may find that defendant 'acted in the most atrocious bad faith in his dealing with the plaintiff. . . . [Defendants] had interests (conflicts) which may have motivated baseless charges concerning illegal activities by [plaintiff]."

    iii. *Harcrow v. Struhar*, 236 Ga. App. 403, 404 (1999): affirming jury award for damages for defamation and for attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

    iv. *Zedan v. Bailey*, 522 F. Supp. 3d 1363, 1380 (M.D. Ga. 2021) (citation omitted): "Defendant's bad faith in the underlying conduct is evidenced by his continuing to publish defamatory articles after being informed

that their content was false and defamatory. Indeed, it is well-established Georgia law that '[e]very intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees.'"

v. *Home Depot U.S.A., Inc. v. Tvrdeich*, 268 Ga. App. 579, 584-85 (2004):

1) "'A court may consider a contingent fee agreement and the amount it would have generated as evidence of usual and customary fees in determining both the reasonableness and the amount of an award of attorney fees.' When a party seeks fees based on a contingent fee agreement, the party must show that the contingency fee percentage was 'a usual or customary fee for such case' and that 'the contingency fee was a valid indicator of the value of the professional services rendered.' In addition, the party seeking fees must also introduce 'evidence of hours, rates, or [some] other indication of the value of the professional services actually rendered.'" *Id.* at 584 (citations omitted).

2) "Although the attorney did not keep a record of the time devoted to the case because it was a contingency case, he testified that [plaintiff]'s case 'probably got into five boxes and a full table of things. And it took a great deal of work, out-of-pocket expenses

incurred.' Because, construing the evidence in favor of [plaintiff], there was evidence that the contingency fee she agreed to pay was a valid indicator of the value of her attorney's services, the trial court did not err in denying [defendant]'s motions . . . on [plaintiff]'s fee claim." *Id.* at 584-85.

vi. *Holland v. Cypress Ins. Co.*, 2022 WL 4289144, at *3-8 (N.D. Ga. Sept. 12, 2022):

  1) "Georgia law provides 'no specific formula to calculate attorney's fees' for bad faith. 'The issue of attorney fees under OCGA § 13-6-11 is a question for the factfinder and an award will be upheld if any evidence is presented to support the award.'" *Id*. at *3 (citations omitted).

  2) "§ 13-6-11 fees are based on bad faith. A party has engaged in conduct that warrants imposition of a sanction. . . . The statute contemplates that all of a plaintiff's fees and costs will be paid by the defendant so long as they are customary and reasonable. A contingent fee is customary and reasonable in personal injury cases. Almost without exception, that is the cost the plaintiff will have in the case." *Id.* at *7

3) "[A] jury is not required to base its award solely on the contingent fee. . . . If the amount a jury awarded as damages were of a magnitude that the jury concluded that the contingent fee resulting for that award was unreasonable, the jury would be authorized to award fees in an amount other than that called for by the fee agreement. Even though the plaintiff would owe her attorney fees greater than were awarded by the jury, such an award would be consistent with Georgia law and consistent with the instructions given to the jury at trial in this case." *Id.* at *8.

## 3. Punitive Damages

(a) <u>Description</u>: Damages awarded under O.C.G.A. § 51-12-5.1 intended to deter, penalize, or punish the defendant.

(b) <u>Dollar Amount Claimed</u>: Plaintiff will request an amount determined by the enlightened conscience of the jury to be commensurate with the harm done and calculated to be sufficient to deter such conduct in the future. Plaintiff seeks punitive damages without any statutory cap as a result of Defendant's specific intent to harm. Plaintiff currently anticipates that she is likely to suggest to the jury that an award of at least $6 million in punitive damages would be appropriate.

(c) <u>Citation to Authority Authorizing Recovery</u>:

    i.    O.C.G.A. § 51-5-11: Plaintiff made a request for retraction at least seven days prior to the filing of the action and is therefore entitled to seek punitive damages.

    ii.    O.C.G.A. § 51-12-5.1: Punitive damages may be awarded where "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."

    iii.    *Action Marine, Inc. v. Continental Carbon Inc.*, 481 F.3d 1302, 1313 (11th Cir. 2007): "Specific intent to cause harm is where the actor desires to cause the consequences of his act or where the actor believes that the consequences of his act are substantially certain to result from it."

    iv.    *McGinnis v. Am. Home Mortg. Serv., Inc.*, 240 F. Supp. 3d 1337, 1349 (M.D. Ga. 2017): "Intent to harm thus does not require direct proof. A jury can find intent through consideration of the words, conduct, demeanor, motive, and circumstances connected with the defendant's actions."

v.  *Scott v. Battle*, 249 Ga. App. 618, 622 (2001) (citation omitted): "In Georgia, the purpose of punitive damages is to deter the repetition of reprehensible conduct by the defendant, and they are not awarded as compensation to a plaintiff. Subject to OCGA § 51-12-5.1(g), the amount of punitive damages to be awarded (if any) is determined according to the enlightened conscience of a fair and impartial jury. 'There is no other measure of damages for such a case.'"

vi.  *McDaniel v. Elliott*, 269 Ga. 262, 265 (1998): requiring "a party to request both a charge on specific intent to cause harm and a separate finding of specific intent to cause harm by the trier of fact in order to avoid the cap on punitive damages"

# ATTACHMENT D:

## <u>DEFENDANT'S OUTLINE OF THE CASE</u>

Defendant contents that Plaintiff will not be able to authenticate or introduce many of the statements she claims are defamatory, specifically the podcasts and the tubefollow.com post, for the reasons stated in Defendant's objections to Plaintiff's exhibits lists, which will be more fully addressed in an appropriate motion in limine. Regarding any challenged statement introduced at trial, Defendant contends that the statements were true, substantially true, privileged under Georgia law, and/or made in good faith belief based upon statements made by Plaintiff's former co-workers.

Defendant also contends that, even if the challenged statements are found to be defamatory, Defendant did not make same with actual malice, and Plaintiff has suffered no damages as a result of the challenged statement.

Defendant further contends that he has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense, and, thus, Plaintiff is not entitled to attorneys' fees and costs under OCGA § 13-6-11.

## <u>AUTHORITIES</u>

OCGA § 13-6-11

OCGA § 51-5-6

OCGA § 51-5-7

## ATTACHMENT E:

## FACTS STIPULATED BY THE PARTIES

1) Defendant Chrisley, together with his wife Julie, grew to prominence as a star of the popular reality-television series, *Chrisley Knows Best*, and its related programs.

2) Defendant Chrisley and his wife have a successful podcast, *Chrisley Confessions*.

3) From October 2013 to August 1, 2020, Plaintiff was employed as an investigator in the Office of Special Investigations of the Georgia Department of Revenue.

4) Defendant Chrisley accused Plaintiff of engaging in criminal conduct in connection with an investigation of him by the Georgia Department of Revenue.

5) Defendant Chrisley accused Plaintiff of using taxpayer money to fund (in whole or in part) a trip to Disney World.

6) Defendant Chrisley accused Plaintiff of destroying evidence in connection with an investigation of him by the Georgia Department of Revenue.

7)   Defendant Chrisley accused Plaintiff of obstruction of justice in connection with an investigation of him by the Georgia Department of Revenue.

8)   Defendant Chrisley accused Plaintiff of unlawfully using GCIC (Georgia Crime Information Center) in connection with an investigation of him by the Georgia Department of Revenue.

9)   Defendant Chrisley accused Plaintiff of being corrupt.

10)  Defendant Chrisley sought Plaintiff's termination from her position at the Georgia Department of Revenue.

11)  Defendant Chrisley sought Plaintiff's criminal prosecution.

12)  In July 2019, Plaintiff along with two of her co-workers at the Georgia Department of Revenue, John Koehler ("Koehler") and Brad Cline ("Cline"), traveled to Altamonte Springs, Florida to attend the "Major Case Management" seminar conducted by the Institute of Police Technology and Management.

13)  Plaintiff traveled to and from Florida with Cline and Koehler using her Georgia Department of Revenue issued vehicle.

14)  The Georgia Department of Revenue pre-approved reimbursement for Plaintiff's hotel room while in Florida.

15) Plaintiff was also pre-approved for the standard per diem from the Georgia Department of Revenue for each day she was in Florida.

16) On March 9, 2020, Defendant Chrisley made and published to third parties the following written statement about Plaintiff, identified as **Statement 1**: "Amy Doherty-Heinze . . . putting those taxpayer dollars to work at the expense of the Georgia Taxpayers."

17) On March 9, 2020, Defendant Chrisley made and published to third parties the following written statement about Plaintiff, identified as **Statement 2**: "it wasn't their paychecks paying for it, it was taxpayer dollars from a slush fund"

18) On March 9, 2020, Defendant Chrisley made and published to third parties the following written statement about Plaintiff, identified as **Statement 3**: "yes mam [sic]" in response to the question "Are they vacationing at the taxpayers' expense?"

19) On March 9, 2020, Defendant Chrisley made and published to third parties the following written statement about Plaintiff, identified as **Statement 4**: "because I have the records to prove it" in response to the statement "I too would like to know how to verify this as true."

20) On March 9, 2020, Defendant Chrisley made and published to third parties the following written statement about Plaintiff, identified as **Statement 5**: "the

forfeiture fund paid their way and they are suppose [sic] to be in Training, not out partying."

21) On March 11, 2020, Defendant Chrisley made and published to third parties the following written statement about Plaintiff, identified as **Statement 8**: "Corrupt ass sister."

22) On May 28, 2020, Defendant Chrisley made and published to third parties the following written statement about Plaintiff, identified as **Statement 11**: "the Georgia Dept of Revenue and their employees that have committed multiple felonies: . . . 5) Amy Doherty-Heinze."

23) On July 6, 2020, Defendant Chrisley made and published to third parties the following written statement about Plaintiff, identified as **Statement 14**: "Amy Doherty Heinz (3rd photo) who has committed crimes against our family . . . she's allowed to now go to another state agency and commit the same crimes there that she committed at the DOR. . . . These police officers like Amy Doherty Heinz [sic] . . . have committed crimes and should be punished for them like anyone else who breaches their oath, and it's my goal to make this happen and shed light on those that refuse to do it."

24) On July 6, 2020, Defendant Chrisley made and published to third parties the following written statement about Plaintiff, identified as **Statement 15**: "you

have these ass clowns who use their badge to lie, cheat, steal, and bully people and it's all because they want power over the people"

25) On July 6, 2020, Defendant Chrisley made and published to third parties the following written statement about Plaintiff, identified as **Statement 16**: "the OSI division that started this witch hunt against our family and led by law enforce ER [sic] officers . . . Amy Doherty Heinz has been stripped down to 5 employees for that division."

26) On July 6, 2020, Defendant Chrisley made and published to third parties the following written statement about Plaintiff, identified as **Statement 17**: "Email- helpdesk@gapost.org if you would like to file a complaint against . . . Amy Doherty for illegal activities."

27) On July 7, 2020, Defendant Chrisley made and published to third parties the following written statement about Plaintiff, identified as **Statement 18**: "ask for a full investigation of this woman 'Amy Doherty Heinze' . . . she can go to any other state job and do the same criminal acts over and over again . . . get rid of any police officer that has abused their power and badge for their own ego or to line their pockets."

**ATTACHMENT F-1:**

**PLAINTIFF'S LIST OF WITNESSES AND ADDRESSES**

Plaintiff **will** have present at trial the following witnesses:

1) Amy Doherty-Heinze, contact through counsel

Plaintiff **may** have present at trial the following witnesses:

1) John Koehler, last known address Senior Assistant Attorney General Ron Stay, Georgia Department of Law, 40 Capitol Square SW, Atlanta, GA, 30334; (404) 458-3434; rstay@law.ga.gov.

2) Jordan Ansley Chance, 78 East Main Street, Hampton, GA, 30228; (706) 512-5355.

3) Jeff Mitchell

4) Eric Heinze, 455 Legends Pl SE, Apt. 202, Atlanta, GA, 30339, can be contacted through Lance LoRusso, LaRusso Law Firm, PC; (770) 644-2378

5) Michael Roberts, 2625 Acworth Due West Rd., Kennesaw, GA, 30152

6) 7C's Productions, Inc. corporate representative

7) Podcast One corporate representative

For Phase 2 only:

1) Randolph Mayer, Mayer & Harper, 50 Hurt Plaza SE, Suite 1640, Atlanta, GA, 30303, (404) 584-9588
   - If the jury finds that an award of attorneys' fees is appropriate, Mr. Mayer will be presented as an expert witness during Phase 2 of the trial on the issue of attorneys' fees.

- Mr. Mayer will be expected to testify that the contingency fee agreement in this case is a usual and customary fee for such a case and is a valid indicator of the value of professional services rendered by Plaintiff's counsel in this case.

2) Plaintiff's counsel
   - If the jury finds that an award of attorneys' fees is appropriate, one of Plaintiff's counsel will be presented as a witness to testify regarding the attorneys' fees and expenses sought by Plaintiff.

**ATTACHMENT F-2:**

**<u>DEFENDANT'S LIST OF WITNESSES AND ADDRESSES</u>**

Defendant **will** have present at trial the following witnesses:

1. Michael T. Chrisley, c/o Burr & Forman LLP

2. Douglas Legg, 3843 Greenhill Drive, Atlanta, GA 30341 (last known address)

3. Katie Vancil, 190 Berryhill Ln., Tyrone, Ga. 30209 (last known address)

4. Beverly Wright, 619 Ambrose Ln., Peachtree City, GA 30269 (last known address)

5. Victoria Wright, 2467 Boyt Rd., Yatesville, Ga. 31097 (last known address)

Defendant **may** have present at trial the following witnesses:

1. Amy Doherty-Heinze

2. Eric Heinze

3. Georgia Department of Revenue, Corporate Representative

4. Joshua Waites

# ATTACHMENT G-1:

## PLAINTIFF'S LIST OF EVIDENCE TO BE TENDERED AT TRIAL

| ADMITTED | EXH. NO. | DESCRIPTION |
|---|---|---|
| | P-1 | March 9, 2020 Chrisley IG post ("*This is our*") |
| | P-2 | March 9, 2020 Chrisley IG comment to P-1 ("*it wasn't their*") |
| | P-3 | March 9, 2020 Chrisley IG comment to P-1 ("*yes mam*") |
| | P-4 | March 9, 2020 Chrisley IG comment to P-1 ("*because I have the*") |
| | P-5 | March 9, 2020 Chrisley IG comment to P-1 ("*the forfeiture fund*") |
| | P-6 | March 11, 2020 podcast ep. 77—Audio excerpt (15:46-17:49) |
| | P-7 | Transcript of March 11, 2020 ep. 77 (P-6) with podcast info |
| | P-8 | March 11, 2020 Chrisley IG comment to P-1 ("*corrupt ass sister*") |
| | P-9 | May 20, 2020 podcast ep. 85—Audio excerpts (6:20-6:53, 17:43-18:52) |
| | P-10 | Transcript of May, 2020 ep. 85 (P-9) with podcast info |
| | P-11 | May 28, 2020 Chrisley IG post ("*Just another form*") |
| | P-12 | June 3, 2020 podcast ep. 87—Audio excerpt (38:18-41:47) |
| | P-13 | Transcript of June 3, 2020 ep. 87 (P-12) with podcast info |
| | P-14 | July 6, 2020 Chrisley FB post ("*Georgia Dept of Rev*") |
| | P-15 | July 7, 2020 Chrisley FB post ("*Folks, please take*") |
| | P-16 | July 8, 2020 podcast ep. 92—Audio excerpts (3:15-9:14, 9:56-13:33, 14:08-14:36, 16:05-16:24, 17:05-21:48) |
| | P-17 | Transcript of July 8, 2020 ep. 92 (P-16) with podcast info |
| | P-18 | July 2020 Chrisley tubefollow.com post |

| | | |
|---|---|---|
| P-19 | September 22, 2021 podcast ep. 154—Audio excerpts (47:30–49:26, 50:47-54:09) | |
| P-20 | Transcript of September 22, 2021 ep. 154 (P-19) with podcast info | |
| P-21 | July 6, 2020 Chrisley IG post (*"Georgia Dept of Rev"*) | |
| P-22 | July 7, 2020 Chrisley IG post and comments (5 pp) (*"Folks"*) | |
| P-23 | March 9, 2020 Chrisley comments to P-1 (10 pp) | |
| P-24 | March 10, 2020 Chrisley comments to P-1 (4 pp) | |
| P-25 | March 11, 2020 Chrisley comments to P-1 (5 pp) | |
| P-26 | March 9, 2020 post (P-1) with overlay of Chrisley account info | |
| P-27 | July 17, 2019 photographs in March 9, 2020 Chrisley post (P-1) | |
| P-28 | Chrisley comment to July 6 FB post P-14 (*"yes, you"*) | |
| P-29 | Comments to Chrisley July 7 FB post P-15 (21 pp) (*"she was laid"*) | |
| P-30 | Feb. 26, 2020 Chrisley IG post (*"Julie and I give"*) | |
| P-31 | March 11, 2020 Chrisley IG post (*"Julie, Kyle, and I"*) | |
| P-32 | March 12, 2020 Chrisley IG Post (*"Please take"*) | |
| P-33 | Video embedded in March 12, 2020 post (P-32) | |
| P-34 | March 16, 2020 Chrisley FB post (*link to WSBTV*) | |
| P-35 | Chrisley/"Douglas Stone" comments to P-34 | |
| P-36 | April 1, 2020 Chrisley IG post (*"Are you ready?"*) | |
| P-37 | May 13, 2020 Chrisley IG post (*"I'm honored to be"*) | |
| P-38 | May 20, 2020 Chrisley IG post (*"Julie and I join"*) | |
| P-39 | May 21, 2020 Chrisley IG post (*"And only because"*) | |
| P-40 | May 27, 2020 Chrisley IG post (*"to especially with"*) | |
| P-41 | May 29, 2020 Chrisley IG post (*"How do we even"*) | |
| P-42 | June 3, 2020 Chrisley IG post (*"WE ARE HERE"*) | |
| P-43 | June 11, 2020 Chrisley IG post (*"For all my haters"*) | |
| P-44 | June 21, 2020 Chrisley IG post (*"Always getting one"*) | |

| | | |
|---|---|---|
| | P-45 | June 24, 2020 Chrisley IG post ("*Head over to*") |
| | P-46 | June 24, 2020 Chrisley IG post ("*As promised*") |
| | P-47 | June 24, 2020 "Douglas Stone" comments to FB post P-33 (14 pp) |
| | P-48 | July 4, 2020 Chrisley IG post ("*Staying in*") |
| | P-49 | July 8, 2020 Chrisley IG post ("*I love this*") |
| | P-50 | July 9, 2020 Chrisley FB post ("*Tonight's the night*") |
| | P-51 | July 9, 2020 Chrisley IG post ("*Tonight's the night*") |
| | P-52 | July 15, 2020 Chrisley IG post ("*It's finally here*") |
| | P-53 | July 23, 2020 Chrisley IG post ("*I'm so proud*") |
| | P-54 | July 24, 2020 Chrisley IG post ("*Thank you*") |
| | P-55 | July 27, 2020 Chrisley IG post ("*Need advice?*") |
| | P-56 | August 6, 2020 Chrisley IG post ("*I am so proud*") |
| | P-57 | Aug. 27, 2020 Chrisley IG post ("*God is good*") |
| | P-58 | January 20, 2020 Press Release from LiveXLive Media |
| | P-59 | February 8, 2021 Chrisley IG post ("*in the Chrisley*") |
| | P-60 | April 8, 2021 Chrisley IG post ("*Celebrating*") |
| | P-61 | April 23, 2021 Chrisley IG post ("*LISTEN!*") |
| | P-62 | May 6, 2021 Chrisley IG post ("*Today on*") |
| | P-63 | May 13, 2021 Chrisley IG post ("*Feeding Your*") |
| | P-64 | May 27, 2021 Chrisley IG post ("*WE'RE BACK*") |
| | P-65 | June 11, 2021 Chrisley IG post ("*well guess what*") |
| | P-66 | July 22, 2021 Chrisley IG post ("*this is an interesting*") |
| | P-67 | Sept. 10, 2021 Chrisley IG post ("*Today is your*") |
| | P-68 | Sept. 16, 2021 Chrisley IG post ("*I am sure*") |
| | P-69 | Chrisley IG main page, includes views for P-41 |
| | P-70 | Chrisley IG main page, includes views for P-43 |
| | P-71 | Chrisley IG main page, includes views for P-44 and P-45 |

| | | |
|---|---|---|
| | P-72 | Chrisley IG main page, includes views for P-22 |
| | P-73 | Chrisley IG main page, includes views for P-48 and P-49 |
| | P-74 | March 10, 2020 Article from TVShowsAct.com, *Todd Chrisley Slams Georgia Dept Of Revenue—Alleges Disney Vacation At Taxpayers' Expense* |
| | P-75 | April 15, 2020 podcast ep. 80—audio excerpt |
| | P-76 | Transcript of April 15, 2020 podcast ep. 80 (P-75) with podcast info |
| | P-77 | May 27, 2020 podcast ep. 86—audio excerpt |
| | P-78 | Transcript of May 27, 2020 podcast ep. 86 (P-77) with podcast info |
| | P-79 | June 24, 2020  podcast ep. 90—audio excerpt |
| | P-80 | Transcript of June 24, 2020 podcast ep. 90 (P-79) with podcast info |
| | P-81 | July 1, 2020 podcast ep. 91—audio excerpt |
| | P-82 | Transcript of July 1, 2020 podcast ep. 91 (P-81) with podcast info |
| | P-83 | July 22, 2020 podcast ep. 94—audio excerpt |
| | P-84 | Transcript of  July 22, 2020 podcast ep. 94 (P-83) with podcast info |
| | P-85 | July 29, 2020 podcast ep. 95—audio excerpt |
| | P-86 | Transcript of  July 29, 2020 podcast ep. 95 (P-85) with podcast info |
| | P-87 | August 26, 2020 podcast ep. 99—audio excerpt |
| | P-88 | Transcript of Aug. 26, 2020 podcast ep. 99 (P-87) with podcast info |
| | P-89 | September 16, 2020 podcast ep. 102—audio excerpt |
| | P-90 | Transcript of Sept. 16, 2020 podcast ep. 102 (P-89) with podcast info |
| | P-91 | December 23, 2020 podcast ep. 116—audio excerpt |
| | P-92 | Transcript of Dec. 23, 2020 podcast ep. 116 (P-91) with podcast info |
| | P-93 | April 22, 2021 podcast ep. 132—audio excerpt |
| | P-94 | Transcript of April 22, 2021 podcast ep. 132 (P-93) with podcast info |
| | P-95 | June 30, 2021 podcast ep. 142—audio excerpt |
| | P-96 | Transcript of June 30, 2021 podcast ep. 142 (P-95) with podcast info |
| | P-97 | July 21, 2021 podcast ep. 145—audio excerpt |

| | | |
|---|---|---|
| | P-98 | Transcript of July 21, 2021 podcast ep. 145 (P-97) with podcast info |
| | P-99 | September 1, 2021 podcast ep. 151—audio excerpt |
| | P-100 | Transcript of Sept. 1, 2021 podcast ep. 151 (P-99) with podcast info |
| | P-101 | January 12, 2022 podcast ep. 167—audio excerpt |
| | P-102 | Transcript of Jan. 12, 2022 podcast ep. 167 (P-101) with podcast info |
| | P-103 | March 11, 2020 Chrisley/"julie78julie" comments to P-1 |
| | P-104 | March 11, 2020 FB DM from "julie78julie" |
| | P-105 | July 7, 2020 FB DM from "Deana Davis" |
| | P-106 | July 7, 2020 FB DM from "Jennifer Yvonne Wright" |
| | P-107 | June 20, 2019 Emails between Doug Legg and Plaintiff |
| | P-108 | P000040-41: Capital One statement (redacted) |
| | P-109 | July 15-17, 2019 IPTM Daily Attendance Record |
| | P-110 | GCIC Operating Manual |
| | P-111 | Chrisley ADH 004508-4513: February 16, 2017 GCIC DQ report for Todd Chrisley |
| | P-112 | Chrisley ADH 004737-4741: February 16, 2017 GCIC DQ report for Julie Chrisley GCIC |
| | P-113 | Chrisley ADH 000149: March 9, 2020 texts between Vicky Wright and Jonathan Deluca |
| | P-114 | Chrisley ADH 000020-24: December 18, 2020 Letter Agreement re podcast |
| | P-115 | Dec. 5, 2022 Judgment in *U.S. v. Chrisley*, N.D. Ga., No. 1:19-CR-00297-ELR-1 (Dkt. 337) |
| | P-116 | September 30, October 1, October 3, and October 4, 2021 texts from Bill Salinksi to Mike Roberts |
| | P-117-P-119 | Reserved |
| | | |
| | | |

| | | |
|---|---|---|
| | | **REBUTTAL ONLY DEPENDING ON MIL** |
| | P-120 | Screenshots of phone numbers for Vicky Wright and "melindamccalister745" |
| | P-121 | FinCEN Form 50 (redacted) |
| | P-122 | FinCEN Form 50 (redacted) |
| | P-123 | Case Opening Report |
| | P-124 | July 2, 2018 GDOR Investigative Summary |
| | | |
| | | **PHASE TWO ONLY** |
| | P-125 | July 6, 2021 Engagement Agreement |
| | P-126 | Wade, Grunberg & Wilson, LLC time records |
| | P-127 | Wade, Grunberg & Wilson, LLC expenses |
| | P-128 | Photos of Chrisley home in Nashville |
| | P-129 | Documents re Chrisley home purchase in March 2019 |
| | P-130 | August 12, 2021 Chrisley Twitter repost from People |
| | P-131 | Video embedded in Aug. 12, 2021 Twitter post |
| | P-132 | April 29, 2020 Chrisley IG post ("*Who do you think*") |
| | P-133 | July 15, 2020 Chrisley IG post ("*Hey y'all*") |
| | P-134 | July 24, 2020 Chrisley FB post ("*Thank you all*") |
| | P-135 | July 25, 2020 Chrisley IG post ("*Glory to God*") |
| | P-136 | July 30, 2020 Chrisley IG post ("*So proud*") |
| | P-137 | August 7, 2020 Chrisley IG post ("*Just skiing*") |
| | P-138 | August 19, 2020 Chrisley IG post ("*So thrilled*") |
| | P-139 | November 13, 2020 Chrisley IG post ("*God still*") |
| | P-140 | December 3, 2020 Chrisley IG post ("*What has our*") |
| | P-141 | January 14, 2021 Chrisley IG post ("*Did y'all*") |
| | P-142 | January 19, 2021 Chrisley IG post ("*I'm excited*") |

| | P-143 | February 12, 2021 Chrisley IG post ("*Julie and*") |
|---|---|---|
| | P-144 | April 5, 2021 Chrisley IG post ("*There's nothing*") |
| | P-145 | April 16, 2021 Chrisley IG post ("*I'm so thrilled*") |
| | P-146 | May 5, 2021 Chrisley IG post ("*Y'all know*") |
| | P-147 | June 8, 2021 Chrisley IG post ("*Y'all, we are*") |
| | P-148 | July 23, 2021 Chrisley IG post ("*I just want*") |
| | P-149 | August 4, 2021 Chrisley IG post ("*Happy Sale Day*") |
| | P-150 | September 23, 2021 Chrisley IG post ("*Even though*") |
| | P-151 | December 13, 2021 Article from Eonline.com, *Julie & Todd Chrisley Tease Nanny Faye's Unconventional A Very Chrisley Christmas Holiday Hosting* |
| | P-152 | Excerpts from episodes of *Chrisley Knows Best* |
| | P-153-P-154 | Reserved |
| | | |
| | | **IF NECESSARY DEPENDING ON STIPS** |
| | P-155 | July 2, 2021 Retraction Demand (redacted) |
| | P-156 | September 14, 2022 Retraction Demand |
| | | |

## DEFENDANT'S OBJECTIONS TO PLAITNIFF'S EXHIBIT LIST

| ADMITTED | EXH. NO. | DESCRIPTION |
|---|---|---|
| | P-1 | March 9, 2020 Chrisley IG post ("*This is our*")<br>**Objection:** Defendant objects to the inclusion of comments from third parties based on hearsay, relevance, and inability to authenticate same. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-2 | March 9, 2020 Chrisley IG comment to P-1 ("*it wasn't their*")<br>**Objection:** Defendant objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-3 | March 9, 2020 Chrisley IG comment to P-1 ("*yes mam*")<br>**Objection:** Defendant objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-4 | March 9, 2020 Chrisley IG comment to P-1 ("*because I have the*")<br>**Objection:** Defendant objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-5 | March 9, 2020 Chrisley IG comment to P-1 ("*the forfeiture fund*")<br>**Objection:** Doctrine of completeness (Fed. R. Evid. 106). Should Plaintiff introduce P-5, Defendant requires that Plaintiff use the version of this Instagram conversation as produced in Response to Defendant's Amended First Set of Interrogatories (Interrogatory 1 ¶ 6). Defendant also objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-6 | March 11, 2020 podcast ep. 77—Audio excerpt (15:46-17:49) |

| | | |
|---|---|---|
| | | **Objection:** Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction, which require the proponent to "demonstrate the recording is an accurate reproduction of the sounds previously audited by a witness—that is, the 'proponent must offer evidence relating to the competency of the operator, the fidelity of the recording equipment, the absence of material deletions, additions[,] or alterations in the relevant portions of the recording, and the identification of the relevant speaker.'" *Mathews v. Clark Atlanta Univ., Inc.*, No. 1:17-cv-2963-MLB, 2023 WL 2229670, at *4 (N.D. Ga. Jan. 13, 2023) (alteration in original) (quoting *Johnson v. Gwinnett Cnty. Sch. Dist.*, No. 1:11-cv-471-TWT-RGV, 2012 WL 5987584, at *3 (N.D. Ga. Oct. 17, 2012)); *see also* (D.E. 74 at 7–8). Defendant also objects based on the doctrine of completeness (Fed. R. Evid. 106). Should Plaintiff introduce P-6, Defendant requires that the audio excerpts be expanded to 00:00-5:45 and 8:04-19:41 of the March 11, 2020 podcast ep. 77. |
| | P-7 | Transcript of March 11, 2020 ep. 77 (P-6) with podcast info |
| | | **Objection:** Plaintiff cannot authenticate P-6 for the reasons stated above, which extends to a transcript based on the same unauthenticated audio recording. *See* (D.E. 74 at 8). Defendant additionally objects based on the doctrine of completeness (Fed. R. Evid. 106) and, should Plaintiff introduce P-7, the transcript must be expanded to account for 00:00-5:45 and 8:04-19:41 of podcast ep. 77. Defendant further objects to the use of italics in this Exhibit, which unduly and prejudicially draw attention to sections of the transcript that are favorable to Plaintiff. Defendant additionally objects to the information contained above the transcription based on hearsay and Plaintiff's inability to authenticate same. |
| | P-8 | March 11, 2020 Chrisley IG comment to P-1 ("*corrupt ass sister*") |
| | | **Objection:** Doctrine of completeness (Fed. R. Evid. 106). Should Plaintiff introduce P-8, Defendant requires that Plaintiff use the version of this Instagram conversation as produced in Response to Defendant's Amended First Set of Interrogatories (Interrogatory 1 ¶ 2). Defendant objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. Defendant further objects to the inclusion of the inclusion of the box with the date |

| | | |
|---|---|---|
| | | March 11, 2020 contained therein based on hearsay and Plaintiff's inability to authenticate same. |
| | P-9 | May 20, 2020 podcast ep. 85—Audio excerpts (6:20-6:53, 17:43-18:52)<br>**Objection:** Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). Defendant also objects based on the doctrine of completeness (Fed. R. Evid. 106). Should Plaintiff introduce P-9, Defendant requires that the audio excerpts be expanded to 4:19-8:50 and 11:07-26:05 of the May 20, 2020 podcast ep. 85. |
| | P-10 | Transcript of May, 2020 ep. 85 (P-9) with podcast info<br>**Objection:** Plaintiff cannot authenticate P-9 for the reasons stated above, which extends to a transcript based on the same unauthenticated audio recording. *See* (D.E. 74 at 8). Defendant additionally objects based on the doctrine of completeness (Fed. R. Evid. 106) and, should Plaintiff introduce P-10, the transcript must be expanded to account for 4:19-8:50 and 11:07-26:05 of podcast ep. 85. Defendant further objects to the use of italics in this Exhibit, which unduly and prejudicially draw attention to sections of the transcript that are favorable to Plaintiff. Defendant additionally objects to the information contained above the transcription based on hearsay and Plaintiff's inability to authenticate same. |
| | P-11 | May 28, 2020 Chrisley IG post ("*Just another form*")<br>**Objection:** Defendant objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-12 | June 3, 2020 podcast ep. 87—Audio excerpt (38:18-41:47)<br>**Objection:** Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). Defendant also objects based on the doctrine of completeness (Fed. R. Evid. 106). Should Plaintiff introduce P-12, Defendant requires that the audio excerpts be expanded to 38:18-44:23 of the June 3, 2020 podcast ep. 87. |
| | P-13 | Transcript of June 3, 2020 ep. 87 (P-12) with podcast info<br>**Objection:** Plaintiff cannot authenticate P-12 for the reasons stated above, which extends to a transcript based on the same |

| | | |
|---|---|---|
| | | unauthenticated audio recording. *See* (D.E. 74 at 8). Defendant additionally objects based on the doctrine of completeness (Fed. R. Evid. 106) and, should Plaintiff introduce P-13, the transcript must be expanded to account for 38:18-44:23 of podcast ep. 87. Defendant further objects to the use of italics in this Exhibit, which unduly and prejudicially draw attention to sections of the transcript that are favorable to Plaintiff. Defendant additionally objects to the information contained above the transcription based on hearsay and Plaintiff's inability to authenticate same. |
| | P-14 | July 6, 2020 Chrisley FB post ("*Georgia Dept of Rev*") <br> **Objection:** Defendant objects to the inclusion of metric data, including the number of reactions, comments, and shares, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-15 | July 7, 2020 Chrisley FB post ("*Folks, please take*") <br> **Objection:** Defendant objects to the inclusion of metric data, including the number of reactions, comments, and shares, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-16 | July 8, 2020 podcast ep. 92—Audio excerpts (3:15-9:14, 9:56-13:33, 14:08-14:36, 16:05-16:24, 17:05-21:48) <br> **Objection:** Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). Defendant also objects based on the doctrine of completeness (Fed. R. Evid. 106). Should Plaintiff introduce P-16, Defendant requires that the audio excerpts be expanded to 3:15-21:48 of the July 8, 2020 podcast ep. 92. |
| | P-17 | Transcript of July 8, 2020 ep. 92 (P-16) with podcast info <br> **Objection:**  Plaintiff cannot authenticate P-16 for the reasons stated above, which extends to a transcript based on the same unauthenticated audio recording. *See* (D.E. 74 at 8). Defendant additionally objects based on the doctrine of completeness (Fed. R. Evid. 106) and, should Plaintiff introduce P-17, the transcript must be expanded to account for 3:15-21:48 of podcast ep. 92. Defendant further objects to the use of italics in this Exhibit, which unduly and prejudicially draw attention to sections of the transcript that are favorable to Plaintiff. Defendant additionally |

| | | |
|---|---|---|
| | | objects to the information contained above the transcription based on hearsay and Plaintiff's inability to authenticate same. |
| | P-18 | July 2020 Chrisley tubefollow.com post<br>**Objection:** Defendant objects based on Plaintiff's inability to authenticate this document. |
| | P-19 | September 22, 2021 podcast ep. 154—Audio excerpts (47:30-49:26, 50:47-54:09)<br>**Objection:** Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at \*4; *see also* (D.E. 74 at 7–8). Defendant also objects based on the doctrine of completeness (Fed. R. Evid. 106). Should Plaintiff introduce P-19, Defendant requires that the audio excerpts be expanded to 8:10-13:14, 15:32-28:22, 29:57-43:04, 45:22-56:13, 1:00:48-1:08:16 of the September 22, 2021 podcast ep. 154. |
| | P-20 | Transcript of September 22, 2021 ep. 154 (P-19) with podcast info<br>**Objection:** Plaintiff cannot authenticate P-19 for the reasons stated above, which extends to a transcript based on the same unauthenticated audio recording. *See* (D.E. 74 at 8). Defendant additionally objects based on the doctrine of completeness (Fed. R. Evid. 106) and, should Plaintiff introduce P-20, the transcript must be expanded to account for 8:10-13:14, 15:32-28:22, 29:57-43:04, 45:22-56:13, 1:00:48-1:08:16 of podcast ep. 154. Defendant further objects to the use of italics in this Exhibit, which unduly and prejudicially draw attention to sections of the transcript that are favorable to Plaintiff. Defendant additionally objects to the information contained above the transcription based on hearsay and Plaintiff's inability to authenticate same. |
| | P-21 | July 6, 2020 Chrisley IG post ("*Georgia Dept of Rev*")<br>**Objection:** Plaintiff has never previously relied upon or produced this document. In both her Complaint (¶ 45) and First Amended Responses and Objections to Defendant's Amended First Set of Interrogatories (Response 1 ¶ 11), Plaintiff only identified and referenced the July 6, 2020 Facebook post (P-14)—not this July 6, 2020 Instagram post. Defendant also objects to the inclusion of comments from third parties based on hearsay, relevance, and inability to authenticate same. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-22 | July 7, 2020 Chrisley IG post and comments (5 pp)("*Folks*") |

| | | |
|---|---|---|
| | | **Objection:** Plaintiff has never previously relied upon or produced this document. In both her Complaint (¶ 47) and First Amended Responses and Objections to Defendant's Amended First Set of Interrogatories (Response 1 ¶ 12), Plaintiff only identified and referenced the July 7, 2020 Facebook post (P-16)—not this July 6, 2020 Instagram post. Defendant also objects to the inclusion of comments from third parties based on hearsay, relevance, and inability to authenticate same. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-23 | March 9, 2020 Chrisley comments to P-1 (10 pp) <br> **Objection:** Defendant objects based on Plaintiff's inability to authenticate this document, hearsay, and Fed. R. Evid. 403. |
| | P-24 | March 10, 2020 Chrisley comments to P-1 (4 pp) <br> **Objection:** Defendant objects based on Plaintiff's inability to authenticate this document, hearsay, and Fed. R. Evid. 403. |
| | P-25 | March 11, 2020 Chrisley comments to P-1 (5 pp) <br> **Objection:** Defendant objects based on Plaintiff's inability to authenticate this document, hearsay, and Fed. R. Evid. 403. |
| | P-26 | March 9, 2020 post (P-1) with overlay of Chrisley account info <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects based on Plaintiff's inability to authenticate this document, hearsay, and Fed. R. Evid. 403. |
| | P-27 | July 17, 2019 photographs in March 9, 2020 Chrisley post (P-1) <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). |
| | P-28 | Chrisley comment to July 6 FB post P-14 ("*yes, you*") <br> **Objection:** Defendant objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-29 | Comments to Chrisley July 7 FB post P-15 (21 pp) ("*she was laid*") |

| | | |
|---|---|---|
| | | **Objection:** Defendants objects based on Plaintiff's inability to authenticate this document, hearsay, and Fed. R. Evid. 403. |
| | P-30 | Feb. 26, 2020 Chrisley IG post ("*Julie and I give*")<br>**Objection:** Defendant objects to the inclusion of comments from third parties based on hearsay, relevance, and inability to authenticate same. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-31 | March 11, 2020 Chrisley IG post ("*Julie, Kyle, and I*")<br>**Objection:** Defendant objects to the inclusion of comments from third parties based on hearsay, relevance, and inability to authenticate same. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-32 | March 12, 2020 Chrisley IG Post ("*Please take*")<br>**Objection:** Defendant objects to the inclusion of comments from third parties based on hearsay, relevance, and inability to authenticate same. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-33 | Video embedded in March 12, 2020 post (P-32) |
| | P-34 | March 16, 2020 Chrisley FB post (*link to WSBTV*)<br>**Objection:** Defendant objects on grounds of hearsay and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-35 | Chrisley/"Douglas Stone" comments to P-34<br>**Objection:** Defendant objects based on the doctrine of completeness (Fed. R. Evid. 106) and, should Plaintiff introduce P-35, Plaintiff must introduce the entirety of the second comment from Douglas Stone. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |

| | P-36 | April 1, 2020 Chrisley IG post ("*Are you ready?*") **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
|---|---|---|
| | P-37 | May 13, 2020 Chrisley IG post ("*I'm honored to be*") **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-38 | May 20, 2020 Chrisley IG post ("*Julie and I join*") **Objection:** Defendant objects to the inclusion of comments from third parties based on hearsay, relevance, and inability to authenticate same. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-39 | May 21, 2020 Chrisley IG post ("*And only because*") **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same |
| | P-40 | May 27, 2020 Chrisley IG post ("*to especially with*") **Objection:** Defendant objects to the inclusion of comments from third parties based on hearsay, relevance, and inability to authenticate same. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and |

| | | |
|---|---|---|
| | | Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-41 | May 29, 2020 Chrisley IG post ("*How do we even*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-42 | June 3, 2020 Chrisley IG post ("*WE ARE HERE*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-43 | June 11, 2020 Chrisley IG post ("*For all my haters*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance and Fed. R. Evid. 403.  Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-44 | June 21, 2020 Chrisley IG post ("*Always getting one*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-45 | June 24, 2020 Chrisley IG post ("*Head over to*") |

| | | |
|---|---|---|
| | | **Objection:** Defendant objects to the inclusion of comments from third parties based on hearsay, relevance, and inability to authenticate same. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-46 | June 24, 2020 Chrisley IG post ("*As promised*") <br> **Objection:** Defendant objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-47 | June 24, 2020 "Douglas Stone" comments to FB post P-33 (14 pp) <br> **Objection:** Defendant objects to the inclusion of comments from third parties based on hearsay, relevance, and inability to authenticate same. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. These objections can be resolved by redacting the referenced information from the document. |
| | P-48 | July 4, 2020 Chrisley IG post ("*Staying in*") <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-49 | July 8, 2020 Chrisley IG post ("*I love this*") <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-50 | July 9, 2020 Chrisley FB post ("*Tonight's the night*") |

| | | |
|---|---|---|
| | | **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-51 | July 9, 2020 Chrisley IG post (*"Tonight's the night"*) <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-52 | July 15, 2020 Chrisley IG post (*"It's finally here"*) <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-53 | July 23, 2020 Chrisley IG post ("I'm so proud…") <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-54 | July 24, 2020 Chrisley IG post ("Thank you…") <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. |

| | | 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
|---|---|---|
| | P-55 | July 27, 2020 Chrisley IG post ("Need advice?")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-56 | August 6, 2020 Chrisley IG post ("I am so proud…")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-57 | Aug. 27, 2020 Chrisley IG post ("God is good…")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-58 | January 20, 2020 Press Release from LiveXLive Media<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of hearsay. |
| | P-59 | February 8, 2021 Chrisley IG post ("*in the Chrisley*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce |

| | | |
|---|---|---|
| | | this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403.  Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-60 | April 8, 2021 Chrisley IG post ("*Celebrating*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-61 | April 23, 2021 Chrisley IG post ("*LISTEN*!")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-62 | May 6, 2021 Chrisley IG post ("*Today on*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-63 | May 13, 2021 Chrisley IG post ("*Feeding Your*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion |

| | | |
|---|---|---|
| | | of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-64 | May 27, 2021 Chrisley IG post ("*WE'RE BACK*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-65 | June 11, 2021 Chrisley IG post ("*well guess what*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-66 | July 22, 2021 Chrisley IG post ("*this is an interesting*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-67 | Sept. 10, 2021 Chrisley IG post ("*Today is your*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-68 | Sept. 16, 2021 Chrisley IG post ("*I am sure*") |

| | | |
|---|---|---|
| | | **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-69 | Chrisley IG main page, includes views for P-41<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant additionally objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-70 | Chrisley IG main page, includes views for P-43<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant additionally objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-71 | Chrisley IG main page, includes views for P-44 and P-45<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant additionally objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-72 | Chrisley IG main page, includes views for P-22<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. |

| | | |
|---|---|---|
| | | 26(a). Defendant additionally objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-73 | Chrisley IG main page, includes views for P-48 and P-49 <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant additionally objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-74 | March 10, 2020 Article from TVShowsAct.com, *Todd Chrisley Slams Georgia Dept Of Revenue—Alleges Disney Vacation At Taxpayers' Expense* <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant further objects on grounds of hearsay and Fed. R. Evid. 403. |
| | P-75 | April 15, 2020 podcast ep. 80—audio excerpt <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-76 | Transcript of P-75 with podcast info <br> **Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-75. |

| | P-77 | May 27, 2020 podcast ep. 86—audio excerpt |
|---|---|---|
| | | **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-78 | Transcript of P-77 with podcast info |
| | | **Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-77. |
| | P-79 | June 24, 2020 podcast ep. 90—audio excerpt |
| | | **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-80 | Transcript of P-79 with podcast info |
| | | **Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-79. |
| | P-81 | July 1, 2020 podcast ep. 91—audio excerpt |
| | | **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her |

| | | |
|---|---|---|
| | | claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-82 | Transcript of P-81 with podcast info <br> **Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-81. |
| | P-83 | July 22, 2020 podcast ep. 94—audio excerpt <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-84 | Transcript of P-83 with podcast info <br> **Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-83. |
| | P-85 | July 29, 2020 podcast ep. 95—audio excerpt <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the |

| | | Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
|---|---|---|
| | P-86 | Transcript of P-85 with podcast info<br>**Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-85. |
| | P-87 | August 26, 2020 podcast ep. 99—audio excerpt<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-88 | Transcript of P-87 with podcast info<br>**Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-87. |
| | P-89 | September 16, 2020 podcast ep. 102—audio excerpt<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of |

| | | |
|---|---|---|
| | | this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-90 | Transcript of P-89 with podcast info<br>**Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-90. |
| | P-91 | December 23, 2020 podcast ep. 116—audio excerpt<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a).  In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-92 | Transcript of P-91 with podcast info<br>**Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-92. |
| | P-93 | April 22, 2021 podcast ep. 132—audio excerpt<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-94 | Transcript of P-93 with podcast info |

| | | |
|---|---|---|
| | | **Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-93. |
| | P-95 | June 30, 2021 podcast ep. 142—audio excerpt<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-96 | Transcript of P-95 with podcast info<br>**Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-95. |
| | P-97 | July 21, 2021 podcast ep. 145—audio excerpt<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a).  In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-98 | Transcript of P-97 with podcast info<br>**Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-98. |
| | P-99 | September 1, 2021 podcast ep. 151—audio excerpt |

| | | |
|---|---|---|
| | | **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a).  In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-100 | Transcript of P-99 with podcast info <br> **Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-100. |
| | P-101 | January 12, 2022 podcast ep. 167—audio excerpt <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this podcast episode or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a).  In fact, Plaintiff only identified the excerpts she intends to introduce from this podcast episode and 14 others on December 21, 2023 at 8:49 PM (the night before the Consolidated Pretrial Order was due). As such, defense counsel has not had sufficient time to review this podcast episode in relation to the identified excerpts to determine whether any additional objections exist at this time other than that Plaintiff cannot authenticate this audio recording under the standard of this jurisdiction. *See Mathews*, 2023 WL 2229670, at *4; *see also* (D.E. 74 at 7–8). |
| | P-102 | Transcript of P-101 with podcast info <br> **Objection:** Plaintiff has not produced this document, and, even if she did, it would be objectionable for the same reasons as P-101. |
| | P-103 | March 11, 2020 Chrisley/"julie78julie" comments to P-1 <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. |

| | | |
|---|---|---|
| | | 26(a). Defendant also objects based on Plaintiff's inability to authenticate this document, hearsay, and Fed. R. Evid. 403. |
| | P-104 | March 11, 2020 FB DM from "julie78julie" **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Plaintiff also failed to produce this document in response to Request 17 of Defendant's First Request for Production, which encompassed same. Defendant further objects based on grounds of hearsay. |
| | P-105 | July 7, 2020 FB DM from "Deana Davis" **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Plaintiff also failed to produce this document in response to Request 17 of Defendant's First Request for Production, which encompassed same. Defendant further objects based on grounds of hearsay. |
| | P-106 | July 7, 2020 FB DM from "Jennifer Yvonne Wright" **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Plaintiff also failed to produce this document in response to Request 17 of Defendant's First Request for Production, which encompassed same. Defendant further objects based on grounds of hearsay. |
| | P-107 | June 20, 2019 Emails between Doug Legg and Plaintiff **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). |
| | P-108 | P000040-41: Capital One statement (redacted) |
| | P-109 | July 15-17, 2019 IPTM Daily Attendance Record **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in |

| | | her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects based on Plaintiff's inability to authenticate this document. |
|---|---|---|
| | P-110 | GCIC Operating Manual<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects based on Plaintiff's inability to authenticate this document, hearsay, and Fed. R. Evid. 403. |
| | P-111 | Chrisley ADH 004508-4513: February 16, 2017 GCIC DQ report for Todd Chrisley |
| | P-112 | Chrisley ADH 004737-4741: February 16, 2017 GCIC DQ report for Julie Chrisley GCIC |
| | P-113 | Chrisley ADH 000149: March 9, 2020 texts between Vicky Wright and Jonathan Deluca<br>**Objection:** Defendant objects based on Plaintiff's inability to authenticate this document and hearsay. |
| | P-114 | Chrisley ADH 000020-24: December 18, 2020 Letter Agreement re podcast<br>**Objection:** Defendant objects based on Plaintiff's inability to authenticate this document and hearsay. |
| | P-115 | Dec. 5, 2022 Judgment in *U.S. v. Chrisley*, N.D. Ga., No. 1:19-CR-00297-ELR-1 (Dkt. 337)<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant further objects based on Fed. R. Evid. 403, 404(b), and 405. |
| | P-116 | September 30, October 1, October 3, and October 4, 2021 texts from Bill Salinksi to Mike Roberts<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant further objects on grounds of relevance, hearsay, and Plaintiff's inability to authenticate the text messages. |

| | P-117-P-119 | Reserved |
|---|---|---|
| | | |
| | | **REBUTTAL ONLY DEPENDING ON MIL** |
| | P-120 | Screenshots of phone numbers for Vicky Wright and "melindamccalister745" |
| | P-121 | FinCEN Form 50 (redacted) **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant further objects on grounds of relevance, hearsay, Fed. R. Evid. 403, and Fed. R. Evid. 106. |
| | P-122 | FinCEN Form 50 (redacted) **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant further objects on grounds of relevance, hearsay, and Fed. R. Evid. 403, and Fed. R. Evid. 106. |
| | P-123 | Case Opening Report **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant further objects on grounds of relevance, hearsay, and Fed. R. Evid. 403, and Fed. R. Evid. 106. |
| | P-124 | July 2, 2018 GDOR Investigative Summary **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant further objects on grounds of Fed. R. Evid. 106. |
| | | |
| | | **PHASE TWO ONLY** |
| | P-125 | July 6, 2021 Engagement Agreement **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce |

| | | |
|---|---|---|
| | | this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). |
| | P-126 | Wade, Grunberg & Wilson, LLC time records<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Plaintiff has still not produced same to date. |
| | P-127 | Wade, Grunberg & Wilson, LLC expenses<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Plaintiff has still not produced same to date. |
| | P-128 | Photos of Chrisley home in Nashville<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Plaintiff has still not produced same to date. |
| | P-129 | Documents re Chrisley home purchase in March 2019<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Plaintiff has still not produced same to date. |
| | P-130 | August 12, 2021 Chrisley Twitter repost from People<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of comments, reshares, and likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-131 | Video embedded in Aug. 12, 2021 Twitter post<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce |

| | | |
|---|---|---|
| | | this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant further objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. |
| | P-132 | April 29, 2020 Chrisley IG post ("*Who do you think*") <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-133 | July 15, 2020 Chrisley IG post ("*Hey y'all*") <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-134 | July 24, 2020 Chrisley FB post ("*Thank you all*") <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of reactions, comments, and shares, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-135 | July 25, 2020 Chrisley IG post ("*Glory to God*") <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion |

| | | of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
|---|---|---|
| | P-136 | July 30, 2020 Chrisley IG post ("*So proud*")<br><br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-137 | August 7, 2020 Chrisley IG post ("*Just skiing*")<br><br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-138 | August 19, 2020 Chrisley IG post ("*So thrilled*")<br><br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-139 | November 13, 2020 Chrisley IG post ("*God still*")<br><br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-140 | December 3, 2020 Chrisley IG post ("*What has our*") |

| | | |
|---|---|---|
| | | **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-141 | January 14, 2021 Chrisley IG post ("*Did y'all*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-142 | January 19, 2021 Chrisley IG post ("*I'm excited*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-143 | February 12, 2021 Chrisley IG post ("*Julie and*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-144 | April 5, 2021 Chrisley IG post ("*There's nothing*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. |

| | | |
|---|---|---|
| | | 26(a). Defendant also objects on grounds of relevance and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-145 | April 16, 2021 Chrisley IG post ("*I'm so thrilled*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-146 | May 5, 2021 Chrisley IG post ("*Y'all know*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant further objects on grounds of relevance and Fed. R. Evid. 403. |
| | P-147 | June 8, 2021 Chrisley IG post ("*Y'all, we are*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-148 | July 23, 2021 Chrisley IG post ("*I just want*")<br>**Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-149 | August 4, 2021 Chrisley IG post ("*Happy Sale Day*") |

| | | |
|---|---|---|
| | | **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-150 | September 23, 2021 Chrisley IG post ("*Even though*") <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant also objects on grounds of relevance, hearsay, and Fed. R. Evid. 403. Defendant further objects to the inclusion of metric data, including the number of likes, based on hearsay and Plaintiff's inability to authenticate same. |
| | P-151 | December 13, 2021 Article from Eonline.com, *Julie & Todd Chrisley Tease Nanny Faye's Unconventional A Very Chrisley Christmas Holiday Hosting* <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Defendant further objects on grounds of relevance and Fed. R. Evid. 403. |
| | P-152 | Excerpts from episodes of *Chrisley Knows Best* <br> **Objection:** Failure to disclose, to supplement an earlier response, or to admit (Fed. R. Civ. P. 37(c)). Plaintiff failed to produce this document or disclose same as supportive of her claims in her Initial Disclosures as required pursuant to Fed. R. Civ. P. 26(a). Plaintiff has still not produced or identified such excerpts. Defendant further objects on grounds of relevance, hearsay, Fed. R. Evid. 403, and Plaintiff's inability to authenticate episodes of television. |
| | P-153- P-154 | Reserved |
| | | |
| | | **IF NECESSARY DEPENDING ON STIPS** |

| | | |
|---|---|---|
| | P-155 | July 2, 2021 Retraction Demand (redacted) |
| | P-156 | September 14, 2022 Retraction Demand |
| | | |

# ATTACHMENT G-2:

## DEFENDANT'S LIST OF EVIDENCE TO BE TENDERED AT TRIAL

| Court Stamping | Ex. | Description |
| --- | --- | --- |
| | 1 | Georgia Department of Revenue Confidentiality and Unauthorized Access of Tax Information Policy signed by Plaintiff on October 1, 2013 |
| | 2 | Georgia Department of Revenue Employee Standards of Conduct and Ethics Policy signed by Plaintiff on October 1, 2013 |
| | 3 | Acknowledgement of Standards of Conduct and Ethics Training signed by Plaintiff on November 18, 2014 |
| | 4 | Acknowledgement of Standards of Conduct and Ethics Training signed by Plaintiff on August 22, 2016 |
| | 5 | Acknowledgement of Standards of Conduct and Ethics Training signed by Plaintiff on August 1, 2017 |
| | 6 | Special Salary Adjustment Request dated March 8, 2019 |
| | 7 | Email from P. Domineck-Harris to Plaintiff dated March 11, 2019 |
| | 8 | Letter from Georgia Department of Revenue to Plaintiff regarding Promotion |
| | 9 | Letter from Department of Revenue to Plaintiff dated July 1, 2020 |
| | 10 | Acknowledgement of Voluntary Demotion signed by Plaintiff on August 1, 2020 |
| | 11 | Georgia Department of Revenue Summary of Travel and Expenses for Amy Doherty Heinze (07/01/2013 - 12/12/2022) |
| | 12 | Fitness Equipment Sales Purchase Order and Invoice 2016 (Chrisley ADH 000154-Chrisley ADH 000156) |
| | 13 | Varidesk Quote dated September 14, 2016 (Chrisley ADH 000516) |

| | 14 | Georgia Department of Revenue Receipt and Voucher Request Form for Plaintiff dated May 2018 (Chrisley ADH 000517-Chrisley ADH 000518) |
|---|---|---|
| | 15 | Georgia Department of Revenue Receipt for Plaintiff dated August 15, 2018 (Chrisley ADH 000162) |
| | 16 | Fitness Equipment Sales Purchase Orders and Invoices 2019 (Chrisley ADH 000168-Chrisley ADH 000171) |
| | 17 | Plaintiff's CapitalOne Statement (P000040- P000041) |
| | 18 | Georgia Department of Revenue LEMS Messages Report (Chrisley ADH 004503-Chrisley ADH 004803) |
| | 19 | Email from S. Santille to LE314(a) dated February 21, 2017 (Chrisley ADH 000524-Chrisley ADH 000528) |
| | 20 | Recording 29 |
| | 21 | Text Messages between Plaintiff, J. Waites, and K. Vancil (Chrisley ADH 001450) |
| | 22 | Messages from melindamccalister745 (Chrisley ADH 000041-Chrisley ADH 000042) |
| | 23 | Messages from Douglas Stone (Chrisley ADH 000028-Chrisley ADH 000029, Chrisley ADH 000031-Chrisley ADH 000032, Chrisley ADH 000035-Chrisley ADH 000036, Chrisley ADH 000038 Chrisley ADH 000044-Chrisley ADH 000045, Chrisley ADH 000048-Chrisley ADH 000051) |
| | 24 | Messages from Douglas Stone (Chrisley ADH 005773-Chrisley ADH 005774) |
| | 25 | Affidavit of Douglas Alan Legg dated March 11, 2020 (Chrisley ADH 000538-Chrisley ADH 000542) |
| | 26 | Declaration of Douglas Alan Legg dated December 15, 2022 |

| | | |
|---|---|---|
| | 27 | Report and Recommendation on Motions to Suppress Evidence from Warrantless Search, *USA v. Chrisley*, No. 1:19-cr-00297-ELR-JSA (Sept. 2, 2021) (Chrisley ADH 004477-Chrisley ADH 004502) |
| | 28 | Georgia Office of the Inspector General's Report of Investigation dated September 20-21, 2021 |
| | 29 | Complaint, *Doherty-Heinze v. State of GA, Dep't of Rev.*, No. 1:22-cv-00023-VMC (Jan. 4, 2022) |

# PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBIT LIST

| Plaintiff's Objections | Ex. | Description |
|---|---|---|
| | 1 | Georgia Department of Revenue Confidentiality and Unauthorized Access of Tax Information Policy signed by Plaintiff on October 1, 2013 [contained in Amy - #1_R] |
| | 2 | Georgia Department of Revenue Employee Standards of Conduct and Ethics Policy signed by Plaintiff on October 1, 2013 [contained in Amy - #1_R] |
| | 3 | Acknowledgement of Standards of Conduct and Ethics Training signed by Plaintiff on November 18, 2014 [contained in Amy - #4_R] |
| | 4 | Acknowledgement of Standards of Conduct and Ethics Training signed by Plaintiff on August 22, 2016 [contained in Amy - #4_R] |
| | 5 | Acknowledgement of Standards of Conduct and Ethics Training signed by Plaintiff on August 1, 2017 [contained in Amy - #4_R] |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice, confusing, misleading<br>FRE 802: Hearsay | 6 | Special Salary Adjustment Request dated March 8, 2019 [contained in Amy - #2_1R] |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice, confusing, misleading<br>FRE 802: Hearsay | 7 | Email from P. Domineck-Harris to Plaintiff dated March 11, 2019 [contained in Amy - #2_1R] |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice, confusing, misleading<br>FRE 802: Hearsay | 8 | Letter from Georgia Department of Revenue to Plaintiff regarding Promotion [contained in Amy - #2_1R] |

| | | |
|---|---|---|
| | 9 | Letter from Department of Revenue to Plaintiff dated July 1, 2020 [contained in Amy - #2_2R] |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice, confusing, misleading | 10 | Acknowledgement of Voluntary Demotion signed by Plaintiff on August 1, 2020 [contained in Amy - #2_2R] |
| FRE 402: Relevance<br>FRE 901: Foundation | 11 | Georgia Department of Revenue Summary of Travel and Expenses for Amy Doherty Heinze (07/01/2013 - 12/12/2022) |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice, confusing, misleading<br>FRE 802: Hearsay | 12 | Fitness Equipment Sales Purchase Order and Invoice 2016 (Chrisley ADH 000154-Chrisley ADH 000156) |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice, confusing, misleading | 13 | Varidesk Quote dated September 14, 2016 (Chrisley ADH 000516) |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice, confusing, misleading | 14 | Georgia Department of Revenue Receipt and Voucher Request Form for Plaintiff dated May 2018 (Chrisley ADH 000517-Chrisley ADH 000518) |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice, confusing, misleading | 15 | Georgia Department of Revenue Receipt for Plaintiff dated August 15, 2018 (Chrisley ADH 000162) |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice, confusing, misleading | 16 | Fitness Equipment Sales Purchase Orders and Invoices 2019 (Chrisley ADH 000168-Chrisley ADH 000171) |
| | 17 | Plaintiff's CapitalOne Statement (P000040- P000041) |
| Objection to 004503-4507, 4514-4736, 4742-4803:<br>FRE 402: Relevance<br>FRE 403: Unfair prejudice, confusing, misleading<br>FRE 901: Foundation | 18 | Georgia Department of Revenue LEMS Messages Report (Chrisley ADH 004503-Chrisley ADH 004803) |

| | | |
|---|---|---|
| FRE 402: Relevance<br>FRE 403: Unfair prejudice,<br>    confusing, misleading<br>FRE 802: Hearsay<br>FRE 901: Authentication | 19 | Email from S. Santille to LE314(a) dated February 21, 2017 (Chrisley ADH 000524-Chrisley ADH 000528) |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice,<br>    confusing, misleading<br>FRE 404: Character evidence<br>FRE 602: Personal knowledge<br>FRE 802: Hearsay<br>FRE 805: Hearsay within hearsay<br>FRE 901: Authentication<br>FRE 1002: Requirement of original | 20 | Recording 29 |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice,<br>    confusing, misleading<br>FRE 802: Hearsay | 21 | Text Messages between Plaintiff, J. Waites, and K. Vancil (Chrisley ADH 001450) |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice,<br>    confusing, misleading<br>FRE 404: Character evidence<br>FRE 602: Personal knowledge<br>FRE 802: Hearsay<br>FRE 901: Authentication | 22 | Messages from melindamccalister745 (Chrisley ADH 000041-Chrisley ADH 000042) |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice,<br>    confusing, misleading<br>FRE 404: Character evidence<br>FRE 602: Personal knowledge<br>FRE 802: Hearsay<br>FRE 805: Hearsay within hearsay | 23 | Messages from Douglas Stone (Chrisley ADH 000028-Chrisley ADH 000029, Chrisley ADH 000031-Chrisley ADH 000032, Chrisley ADH 000035-Chrisley ADH 000036, Chrisley ADH 000038 Chrisley ADH 000044-Chrisley ADH 000045, Chrisley ADH 000048-Chrisley ADH 000051) |
| | 24 | Messages from Douglas Stone (Chrisley ADH 005773-Chrisley ADH 005774) |

| | | |
|---|---|---|
| FRE 402: Relevance<br>FRE 403: Unfair prejudice,<br>     confusing, misleading<br>FRE 404: Character evidence<br>FRE 602: Personal knowledge<br>FRE 701: Lay opinion<br>FRE 802: Hearsay<br>FRE 805: Hearsay within hearsay | 25 | Affidavit of Douglas Alan Legg dated March 11, 2020 (Chrisley ADH 000538-Chrisley ADH 000542) |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice,<br>     confusing, misleading<br>FRE 404: Character evidence<br>FRE 602: Personal knowledge<br>FRE 802: Hearsay<br>FRE 805: Hearsay within hearsay | 26 | Declaration of Douglas Alan Legg dated December 15, 2022 |
| FRE 402: Relevance<br>FRE 403:  Unfair prejudice,<br>     confusing, misleading<br>FRE 802: Hearsay<br>FRE 805: Hearsay within hearsay | 27 | Report and Recommendation on Motions to Suppress Evidence from Warrantless Search, *USA v. Chrisley*, No. 1:19-cr-00297-ELR-JSA (Sept. 2, 2021) (Chrisley ADH 004477-Chrisley ADH 004502) |
| FRE 402: Relevance<br>FRE 403: Unfair prejudice,<br>     confusing, misleading<br>FRE 802: Hearsay<br>FRE 805: Hearsay within hearsay | 28 | Georgia Office of the Inspector General's Report of Investigation dated September 20-21, 2021 |
| | 29 | Complaint, *Doherty-Heinze v. State of GA, Dep't of Rev.*, No. 1:22-cv-00023-VMC (Jan. 4, 2022) |

**ATTACHMENT H-1:**

**PLAINTIFF'S TRIAL BRIEF**

## I. Defendant's Conviction

Plaintiff will proffer evidence of Defendant's recent federal conviction to challenge his credibility and for impeachment in accordance with Federal Rule of Evidence 609(a), which provides in pertinent part that:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>     (A) must be admitted, subject to Rule 403, in a civil case. . . and;
>     . . . .
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

On June 7, 2022, Defendant was convicted of 8 felonies, including conspiracy to commit bank fraud, 5 counts of bank fraud, conspiracy to defraud the U.S. to obstruct and impede the internal revenue laws, and tax evasion following a jury trial. Judgement was imposed on November 21, 2022, by order entered by the Northern District of Georgia on December 5, 2022, in *U.S. v. Chrisley*, Case No. 1:19-CR-00297-ELR-1 (Dkt. 337).

## II. Evidence Regarding Punitive Damages

During the punitive damages phase of the trial, Plaintiff will proffer evidence of Defendant Chrisley's net worth and sources of income between March 2020 and September 2021, which was the time period during which he defamed Plaintiff. *See, e.g.*, *Softball Country Club-Atlanta v. Decatur Federal Sav. & Loan Ass'n*, 121 F.3d 649, 653 (11th Cir. 1997) ("Under Georgia law, in cases involving punitive damages, a trial court should 'receive such evidence *as is relevant* to a decision regarding what amount of damages will be sufficient to deter, penalize, or punish the defendant *in light of the circumstances of the case*….'") (quoting O.C.G.A. § 51-12-5.1(d)(2)). The Eleventh Circuit in *Softball Country Club* affirmed the trial court's ruling that "limited [plaintiffs] to presenting evidence of [defendant]'s financial condition when it committed the acts which the jury found tortious," rather than permitting plaintiffs to introduce evidence of the defendant's net worth at the time of trial. *Id.*

## III. Evidence Regarding Podcasts and Social Media Posts

Plaintiff will submit to the Court further briefing regarding the admissibility of the *Chrisley Confessions* podcasts and Defendant Chrisley's social media posts. Plaintiff was only advised the morning that this Consolidated Pretrial Order was due that Defendant had any objections to the use of the podcasts or the authenticity of the statements that Defendant has repeatedly admitted during this litigation that he

made. And Plaintiff was only advised after 5:00 pm on the day this Consolidated Pretrial Order was due that Defendant objected to the authenticity of Defendant's own social media posts and other documents produced by Defendant himself. Plaintiff had no reason to anticipate these objections, particularly because in discovery, Defendant objected to numerous requests for production of his social media posts, podcasts, and views of those media posts or podcasts on the grounds that such information is publicly available to Plaintiff.

# ATTACHMENT H-2:

## **DEFENDANT'S TRIAL BRIEF**

# ATTACHMENT I-1:

## PLAINTIFF'S PROPOSED VERDICT FORM

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

AMY DOHERTY-HEINZE,

       Plaintiff,

    v.

MICHAEL T. CHRISLEY,

       Defendant.

Civil Action File No.

3:21-CV-00105-TCB
(consolidated with 3:22-CV-00172-TCB)

## [PROPOSED] JURY VERDICT FORM (Phase One)

WE THE JURY answer the questions submitted to us as follows:

## COUNT ONE: DEFAMATION BY LIBEL

1. Has Plaintiff Amy Doherty-Heinze proved by a preponderance of the evidence that one or more of Defendant Michael T. Chrisley's written statements about her are false and *per se* defamatory?

      \_\_\_\_\_ Yes.  We the jury find in favor of Plaintiff Amy Doherty-Heinze.

    OR

      \_\_\_\_\_ No.  We the jury find in favor of Defendant Michael T. Chrisley.

2. Has Plaintiff proved by clear and convincing evidence that Defendant Chrisley acted with actual malice in making any written defamatory statements?

\_\_\_\_\_ Yes  OR  \_\_\_\_\_ No

***If you have found in favor of Plaintiff with respect to Questions 1 and 2, please proceed to Questions 3 through 6 below regarding damages for Count One. Otherwise, please skip to Count Two on the following page.***

3. On Count One, as compensatory damages for defamation by libel, we the jury award to Plaintiff Amy Doherty-Heinze the amount of \$_____ _____.

4. Has Plaintiff proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Defendant Chrisley on Count One?

\_\_\_\_\_ Yes  OR  \_\_\_\_\_ No

5. Has Plaintiff proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Defendant Chrisley on Count One?

\_\_\_\_\_ Yes  OR  \_\_\_\_\_ No

6. Has Plaintiff proved by clear and convincing evidence that Defendant Chrisley had a specific intent to cause harm when he published his written defamatory statement(s) in Count One?

\_\_\_\_\_ Yes  OR  \_\_\_\_\_ No

***Please proceed to Count Two.***

## COUNT TWO: DEFAMATION BY SLANDER FOR 2020 PODCASTS

1. Has Plaintiff Amy Doherty-Heinze proved by a preponderance of the evidence that one or more of Defendant Michael T. Chrisley's oral statements about her in his 2020 podcasts are false and *per se* defamatory?

        _____ Yes.  We the jury find in favor of Plaintiff Amy Doherty-Heinze.

    OR

        _____ No.  We the jury find in favor of Defendant Michael T. Chrisley.

2. Has Plaintiff proved by clear and convincing evidence that Defendant Chrisley acted with actual malice in making any oral defamatory statements in Count One?

        _____ Yes          OR          _____ No

*If you have found in favor of Plaintiff with respect to Questions 1 and 2, please proceed to Questions 3 through 6 regarding damages for Count Two.  Otherwise, please skip to Count Three on the following page.*

3. On Count Two, as compensatory damages for defamation by slander, we the jury award to Plaintiff Amy Doherty-Heinze the amount of $_____ _____.

4. Has Plaintiff proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Defendant on Count Two?

        _____ Yes          OR          _____ No

5.  Has Plaintiff proved by clear and convincing evidence that she is entitled to punitive damages from Defendant Chrisley on Count Two?

     \_\_\_\_\_ Yes         OR         \_\_\_\_\_ No

6.  Has Plaintiff proved by clear and convincing evidence that Defendant Chrisley had a specific intent to cause harm when he published his oral defamatory statement(s) in Count Two?

     \_\_\_\_\_ Yes         OR         \_\_\_\_\_ No

***Please proceed to Count Three.***

## COUNT THREE: DEFAMATION BY SLANDER FOR 2022 PODCAST

1.  Has Plaintiff Amy Doherty-Heinze proved by a preponderance of the evidence that one or more of Defendant Michael T. Chrisley's oral statements about her in his September 21, 2022, podcast are false and *per se* defamatory?

     \_\_\_\_\_ Yes.  We the jury find in favor of Plaintiff Amy Doherty-Heinze.

OR

     \_\_\_\_\_ No.  We the jury find in favor of Defendant Michael T. Chrisley.

2.  Has Plaintiff proved by clear and convincing evidence that Defendant Chrisley acted with actual malice in making any oral defamatory statements in Count Two?

     \_\_\_\_\_ Yes         OR         \_\_\_\_\_ No

*If you have found in favor of Plaintiff with respect to Questions 1 and 2, please proceed to Questions 3 through 6 regarding damages for Count Three. Otherwise, this will end your deliberations, and your foreperson should go to the end of this verdict form to sign and date it.*

3. On Count Three, as compensatory damages for defamation by slander, we the jury award to Plaintiff Amy Doherty-Heinze the amount of $_____
_____.

4. Has Plaintiff proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Defendant Chrisley on Count Three?

   \_\_\_\_\_ Yes          OR          \_\_\_\_\_ No

5. Has Plaintiff proved by clear and convincing evidence that she is entitled to punitive damages from Defendant Chrisley on Count Three?

   \_\_\_\_\_ Yes          OR          \_\_\_\_\_ No

6. Has Plaintiff proved by clear and convincing evidence that Defendant Chrisley had a specific intent to cause harm when he published his oral defamatory statement(s) in Count Three?

   \_\_\_\_\_ Yes          OR          \_\_\_\_\_ No

**This ends your deliberations. Your foreperson should sign and date this verdict form.**

SO SAY WE ALL.

_____
Foreperson's Signature

Date: _____

**ATTACHMENT I-2:**

**DEFENDANT'S PROPOSED VERDICT FORM**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| AMY DOHERTY-HEINZE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL T. CHRISLEY,<br><br>    Defendant. | Civil Action File No.<br><br>3:21-CV-00105-TCB<br>(consolidated with 3:22-CV-00172-TCB) |

**[PROPOSED] JURY VERDICT FORM**

This verdict form includes each of the statements on which Amy Doherty-Heinze bases her claims of defamation against Michael T. Chrisley. Answer the questions in accordance with the Court's instructions.

## <u>STATEMENT ONE</u>

1.    As to **Statement One**:

   **ANSWER YES OR NO to each question in the space provided.**

   1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

   The statement was made or published by Mr. Chrisley? _____

   The statement was about Ms. Doherty-Heinze? _____

   The statement was false? _____

   The statement has a defamatory implication about Ms. Doherty-Heinze? _____

   The defamatory implication was designed and intended by Mr. Chrisley? _____

   Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

   1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Two." If you answered "YES" to each subpart of question 1(a), answer the following question:

   Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

   **ANSWER YES OR NO:** _____

   **If you answered "NO," skip to "Statement Two." If you answered "YES," answer the following question.**

2.  Do you find that Ms. Doherty-Heinze suffered damages because of Statement One?

   **ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Two." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement One? $_____

4. As to Statement One, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement One, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement One, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

# STATEMENT TWO

1.  As to **Statement Two**:

    **ANSWER YES OR NO to each question in the space provided.**

    1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

    The statement was made or published by Mr. Chrisley? _____

    The statement was about Ms. Doherty-Heinze? _____

    The statement was false? _____

    The statement has a defamatory implication about Ms. Doherty-Heinze? _____

    The defamatory implication was designed and intended by Mr. Chrisley? _____

    Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

    1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Three." If you answered "YES" to each subpart of question 1(a), answer the following question:

    Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

    **ANSWER YES OR NO: _____**

    **If you answered "NO," skip to "Statement Three." If you answered "YES," answer the following question.**

2.  Do you find that Ms. Doherty-Heinze suffered damages because of Statement Two?

    **ANSWER YES OR NO: _____**

    **If you answered "NO," skip to "Statement Three." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Two? $_____

4. As to Statement Two, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Two, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Two, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

## <u>STATEMENT THREE</u>

1.   As to **Statement Three**:

   **ANSWER YES OR NO to each question in the space provided.**

   1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

   The statement was made or published by Mr. Chrisley? _____

   The statement was about Ms. Doherty-Heinze? _____

   The statement was false? _____

   The statement has a defamatory implication about Ms. Doherty-Heinze? _____

   The defamatory implication was designed and intended by Mr. Chrisley? _____

   Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

   1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Four." If you answered "YES" to each subpart of question 1(a), answer the following question:

   Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

   **ANSWER YES OR NO:** _____

   **If you answered "NO," skip to "Statement Four." If you answered "YES," answer the following question.**

2.   Do you find that Ms. Doherty-Heinze suffered damages because of Statement Three?

   **ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Four." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Three? $_____

4. As to Statement Three, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Three, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Three, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

# STATEMENT FOUR

1. As to **Statement Four**:

   **ANSWER YES OR NO to each question in the space provided.**

   1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

   The statement was made or published by Mr. Chrisley? _____

   The statement was about Ms. Doherty-Heinze? _____

   The statement was false? _____

   The statement has a defamatory implication about Ms. Doherty-Heinze? _____

   The defamatory implication was designed and intended by Mr. Chrisley? _____

   Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

   1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Five." If you answered "YES" to each subpart of question 1(a), answer the following question:

   Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

   **ANSWER YES OR NO: _____**

   **If you answered "NO," skip to "Statement Five." If you answered "YES," answer the following question.**

2. Do you find that Ms. Doherty-Heinze suffered damages because of Statement Four?

   **ANSWER YES OR NO: _____**

   **If you answered "NO," skip to "Statement Five." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Four? $_____

4. As to Statement Four, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Four, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Four, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

# STATEMENT FIVE

1.  As to **Statement Five**:

    **ANSWER YES OR NO to each question in the space provided.**

    1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

    The statement was made or published by Mr. Chrisley? _____

    The statement was about Ms. Doherty-Heinze? _____

    The statement was false? _____

    The statement has a defamatory implication about Ms. Doherty-Heinze? _____

    The defamatory implication was designed and intended by Mr. Chrisley? _____

    Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

    1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Six." If you answered "YES" to each subpart of question 1(a), answer the following question:

    Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

    **ANSWER YES OR NO:** _____

    **If you answered "NO," skip to "Statement Six." If you answered "YES," answer the following question.**

2.  Do you find that Ms. Doherty-Heinze suffered damages because of Statement Five?

    **ANSWER YES OR NO:** _____

    **If you answered "NO," skip to "Statement Six." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Five? $_____

4. As to Statement Five, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Five, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Five, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

## STATEMENT SIX

1. As to **Statement Six**:

   **ANSWER YES OR NO to each question in the space provided.**

   1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

   The statement was made or published by Mr. Chrisley? _____

   The statement was about Ms. Doherty-Heinze? _____

   The statement was false? _____

   The statement has a defamatory implication about Ms. Doherty-Heinze? _____

   The defamatory implication was designed and intended by Mr. Chrisley? _____

   Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

   1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Seven." If you answered "YES" to each subpart of question 1(a), answer the following question:

   Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

   **ANSWER YES OR NO:** _____

   **If you answered "NO," skip to "Statement Seven." If you answered "YES," answer the following question.**

2. Do you find that Ms. Doherty-Heinze suffered damages because of Statement Six?

   **ANSWER YES OR NO:** _____

   **If you answered "NO," skip to "Statement Seven." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Six? $_____

4. As to Statement Six, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Six, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Six, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

# STATEMENT SEVEN

1.    As to **Statement Seven**:

**ANSWER YES OR NO to each question in the space provided.**

1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

The statement was made or published by Mr. Chrisley? _____

The statement was about Ms. Doherty-Heinze? _____

The statement was false? _____

The statement has a defamatory implication about Ms. Doherty-Heinze? _____

The defamatory implication was designed and intended by Mr. Chrisley? _____

Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Eight." If you answered "YES" to each subpart of question 1(a), answer the following question:

Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

**ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Eight." If you answered "YES," answer the following question.**

2.    Do you find that Ms. Doherty-Heinze suffered damages because of Statement Seven?

**ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Eight." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Seven? $_____

4. As to Statement Seven, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Seven, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Seven, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

# STATEMENT EIGHT

1.    As to **Statement Eight**:

**ANSWER YES OR NO to each question in the space provided.**

1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

The statement was made or published by Mr. Chrisley? _____

The statement was about Ms. Doherty-Heinze? _____

The statement was false? _____

The statement has a defamatory implication about Ms. Doherty-Heinze? _____

The defamatory implication was designed and intended by Mr. Chrisley? _____

Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Nine." If you answered "YES" to each subpart of question 1(a), answer the following question:

Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

**ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Nine." If you answered "YES," answer the following question.**

2.    Do you find that Ms. Doherty-Heinze suffered damages because of Statement Eight?

**ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Nine." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Eight? $_____

4. As to Statement Eight, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Eight, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Eight, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

# STATEMENT NINE

1.  As to **Statement Nine**:

    **ANSWER YES OR NO to each question in the space provided.**

    1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

    The statement was made or published by Mr. Chrisley? _____

    The statement was about Ms. Doherty-Heinze? _____

    The statement was false? _____

    The statement has a defamatory implication about Ms. Doherty-Heinze? _____

    The defamatory implication was designed and intended by Mr. Chrisley? _____

    Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

    1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Ten." If you answered "YES" to each subpart of question 1(a), answer the following question:

    Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

    **ANSWER YES OR NO:** _____

    **If you answered "NO," skip to "Statement Ten." If you answered "YES," answer the following question.**

2.  Do you find that Ms. Doherty-Heinze suffered damages because of Statement Nine?

    **ANSWER YES OR NO:** _____

    **If you answered "NO," skip to "Statement Ten." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Nine? $_____

4. As to Statement Nine, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

**ANSWER YES OR NO:_____**

5. As to Statement Nine, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

**ANSWER YES OR NO:_____**

6. As to Statement Nine, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

**ANSWER YES OR NO:_____**

# STATEMENT TEN

1.  As to **Statement Ten**:

    **ANSWER YES OR NO to each question in the space provided.**

    1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

    The statement was made or published by Mr. Chrisley? _____

    The statement was about Ms. Doherty-Heinze? _____

    The statement was false? _____

    The statement has a defamatory implication about Ms. Doherty-Heinze? _____

    The defamatory implication was designed and intended by Mr. Chrisley? _____

    Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

    1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Eleven." If you answered "YES" to each subpart of question 1(a), answer the following question:

    Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

    **ANSWER YES OR NO:** _____

    **If you answered "NO," skip to "Statement Eleven." If you answered "YES," answer the following question.**

2.  Do you find that Ms. Doherty-Heinze suffered damages because of Statement Ten?

    **ANSWER YES OR NO:** _____

    **If you answered "NO," skip to "Statement Eleven." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Ten? $_____

4. As to Statement Ten, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Ten, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Ten, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

## STATEMENT ELEVEN

1.    As to **Statement Eleven**:

   **ANSWER YES OR NO to each question in the space provided.**

   1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

   The statement was made or published by Mr. Chrisley? _____

   The statement was about Ms. Doherty-Heinze? _____

   The statement was false? _____

   The statement has a defamatory implication about Ms. Doherty-Heinze? _____

   The defamatory implication was designed and intended by Mr. Chrisley? _____

   Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

   1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Twelve." If you answered "YES" to each subpart of question 1(a), answer the following question:

   Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

   **ANSWER YES OR NO:** _____

   **If you answered "NO," skip to "Statement Twelve." If you answered "YES," answer the following question.**

2.    Do you find that Ms. Doherty-Heinze suffered damages because of Statement Eleven?

   **ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Twelve." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Eleven? $_____

4. As to Statement Eleven, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Eleven, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Eleven, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

## STATEMENT TWELVE

1.    As to **Statement Twelve**:

**ANSWER YES OR NO to each question in the space provided.**

1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

The statement was made or published by Mr. Chrisley? \_\_\_\_\_

The statement was about Ms. Doherty-Heinze? \_\_\_\_\_

The statement was false? \_\_\_\_\_

The statement has a defamatory implication about Ms. Doherty-Heinze? \_\_\_\_\_

The defamatory implication was designed and intended by Mr. Chrisley? \_\_\_\_\_

Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? \_\_\_\_\_

1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Thirteen." If you answered "YES" to each subpart of question 1(a), answer the following question:

Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

**ANSWER YES OR NO:** \_\_\_\_\_

**If you answered "NO," skip to "Statement Thirteen." If you answered "YES," answer the following question.**

2.   Do you find that Ms. Doherty-Heinze suffered damages because of Statement Twelve?

**ANSWER YES OR NO:** \_\_\_\_\_

**If you answered "NO," skip to "Statement Thirteen." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Twelve? $_____

4. As to Statement Twelve, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Twelve, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Twelve, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

# STATEMENT THIRTEEN

1.     As to **Statement Thirteen**:

   **ANSWER YES OR NO to each question in the space provided.**

   1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

   The statement was made or published by Mr. Chrisley? _____

   The statement was about Ms. Doherty-Heinze? _____

   The statement was false? _____

   The statement has a defamatory implication about Ms. Doherty-Heinze? _____

   The defamatory implication was designed and intended by Mr. Chrisley? _____

   Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

   1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Fourteen." If you answered "YES" to each subpart of question 1(a), answer the following question:

   Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

   **ANSWER YES OR NO:** _____

   **If you answered "NO," skip to "Statement Fourteen." If you answered "YES," answer the following question.**

2.     Do you find that Ms. Doherty-Heinze suffered damages because of Statement Thirteen?

   **ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Fourteen." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Thirteen? $_____

4. As to Statement Thirteen, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Thirteen, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Thirteen, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

# STATEMENT FOURTEEN

1.    As to **Statement Fourteen**:

**ANSWER YES OR NO to each question in the space provided.**

1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

The statement was made or published by Mr. Chrisley? _____

The statement was about Ms. Doherty-Heinze? _____

The statement was false? _____

The statement has a defamatory implication about Ms. Doherty-Heinze? _____

The defamatory implication was designed and intended by Mr. Chrisley? _____

Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Fifteen." If you answered "YES" to each subpart of question 1(a), answer the following question:

Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

**ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Fifteen." If you answered "YES," answer the following question.**

2. Do you find that Ms. Doherty-Heinze suffered damages because of Statement Fourteen?

**ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Fifteen." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Fourteen? $_____

4. As to Statement Fourteen, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

     **ANSWER YES OR NO:_____**

5. As to Statement Fourteen, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

     **ANSWER YES OR NO:_____**

6. As to Statement Fourteen, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

     **ANSWER YES OR NO:_____**

# STATEMENT FIFTEEN

1.      As to **Statement Fifteen**:

**ANSWER YES OR NO to each question in the space provided.**

1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

The statement was made or published by Mr. Chrisley? _____

The statement was about Ms. Doherty-Heinze? _____

The statement was false? _____

The statement has a defamatory implication about Ms. Doherty-Heinze? _____

The defamatory implication was designed and intended by Mr. Chrisley? _____

Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Sixteen." If you answered "YES" to each subpart of question 1(a), answer the following question:

Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

**ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Sixteen." If you answered "YES," answer the following question.**

2.      Do you find that Ms. Doherty-Heinze suffered damages because of Statement Fifteen?

**ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Sixteen." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Fifteen? $_____

4. As to Statement Fifteen, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

     **ANSWER YES OR NO:_____**

5. As to Statement Fifteen, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

     **ANSWER YES OR NO:_____**

6. As to Statement Fifteen, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

     **ANSWER YES OR NO:_____**

# STATEMENT SIXTEEN

1.    As to **Statement Sixteen**:

**ANSWER YES OR NO to each question in the space provided.**

1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

The statement was made or published by Mr. Chrisley? _____

The statement was about Ms. Doherty-Heinze? _____

The statement was false? _____

The statement has a defamatory implication about Ms. Doherty-Heinze? _____

The defamatory implication was designed and intended by Mr. Chrisley? _____

Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Seventeen." If you answered "YES" to each subpart of question 1(a), answer the following question:

Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

**ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Seventeen." If you answered "YES," answer the following question.**

2. Do you find that Ms. Doherty-Heinze suffered damages because of Statement Sixteen?

**ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Seventeen." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Sixteen? $_____

4. As to Statement Sixteen, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Sixteen, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Sixteen, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

# STATEMENT SEVENTEEN

1.    As to **Statement Seventeen**:

**ANSWER YES OR NO to each question in the space provided.**

1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

The statement was made or published by Mr. Chrisley? \_\_\_\_\_

The statement was about Ms. Doherty-Heinze? \_\_\_\_\_

The statement was false? \_\_\_\_\_

The statement has a defamatory implication about Ms. Doherty-Heinze? \_\_\_\_\_

The defamatory implication was designed and intended by Mr. Chrisley? \_\_\_\_\_

Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? \_\_\_\_\_

1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Eighteen." If you answered "YES" to each subpart of question 1(a), answer the following question:

Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

**ANSWER YES OR NO:** \_\_\_\_\_

**If you answered "NO," skip to "Statement Eighteen." If you answered "YES," answer the following question.**

2.    Do you find that Ms. Doherty-Heinze suffered damages because of Statement Seventeen?

**ANSWER YES OR NO:** \_\_\_\_\_

**If you answered "NO," skip to "Statement Eighteen." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Seventeen? $_____

4. As to Statement Seventeen, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Seventeen, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Seventeen, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

# STATEMENT EIGHTEEN

1.    As to **Statement Eighteen**:

   **ANSWER YES OR NO to each question in the space provided.**

   1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

   The statement was made or published by Mr. Chrisley? _____

   The statement was about Ms. Doherty-Heinze? _____

   The statement was false? _____

   The statement has a defamatory implication about Ms. Doherty-Heinze? _____

   The defamatory implication was designed and intended by Mr. Chrisley? _____

   Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

   1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Nineteen." If you answered "YES" to each subpart of question 1(a), answer the following question:

   Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

   **ANSWER YES OR NO:** _____

   **If you answered "NO," skip to "Statement Nineteen." If you answered "YES," answer the following question.**

2.    Do you find that Ms. Doherty-Heinze suffered damages because of Statement Eighteen?

   **ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Nineteen." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Eighteen? $_____

4. As to Statement Eighteen, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

    **ANSWER YES OR NO:_____**

5. As to Statement Eighteen, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

    **ANSWER YES OR NO:_____**

6. As to Statement Eighteen, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

    **ANSWER YES OR NO:_____**

# STATEMENT NINETEEN

1.    As to **Statement Nineteen**:

**ANSWER YES OR NO to each question in the space provided.**

1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

The statement was made or published by Mr. Chrisley? _____

The statement was about Ms. Doherty-Heinze? _____

The statement was false? _____

The statement has a defamatory implication about Ms. Doherty-Heinze? _____

The defamatory implication was designed and intended by Mr. Chrisley? _____

Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Twenty." If you answered "YES" to each subpart of question 1(a), answer the following question:

Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

**ANSWER YES OR NO: _____**

**If you answered "NO," skip to "Statement Twenty." If you answered "YES," answer the following question.**

2.    Do you find that Ms. Doherty-Heinze suffered damages because of Statement Nineteen?

**ANSWER YES OR NO: _____**

**If you answered "NO," skip to "Statement Twenty." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Nineteen? $_____

4. As to Statement Nineteen, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

    **ANSWER YES OR NO:\_\_\_\_\_**

5. As to Statement Nineteen, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

    **ANSWER YES OR NO:\_\_\_\_\_**

6. As to Statement Nineteen, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

    **ANSWER YES OR NO:\_\_\_\_\_**

## <u>STATEMENT TWENTY</u>

1.    As to **Statement Twenty**:

**ANSWER YES OR NO to each question in the space provided.**

1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

The statement was made or published by Mr. Chrisley? _____

The statement was about Ms. Doherty-Heinze? _____

The statement was false? _____

The statement has a defamatory implication about Ms. Doherty-Heinze? _____

The defamatory implication was designed and intended by Mr. Chrisley? _____

Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Twenty-one." If you answered "YES" to each subpart of question 1(a), answer the following question:

Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

**ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Twenty-one." If you answered "YES," answer the following question.**

2.    Do you find that Ms. Doherty-Heinze suffered damages because of Statement Twenty?

**ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Twenty-one." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Twenty? $_____

4. As to Statement Twenty, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

      **ANSWER YES OR NO:_____**

5. As to Statement Twenty, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

      **ANSWER YES OR NO:_____**

6. As to Statement Twenty, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

      **ANSWER YES OR NO:_____**

## STATEMENT TWENTY-ONE

1.    As to **Statement Twenty-one**:

    **ANSWER YES OR NO to each question in the space provided.**

    1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

        The statement was made or published by Mr. Chrisley? _____

        The statement was about Ms. Doherty-Heinze? _____

        The statement was false? _____

        The statement has a defamatory implication about Ms. Doherty-Heinze? _____

        The defamatory implication was designed and intended by Mr. Chrisley? _____

        Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

    1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Twenty-two." If you answered "YES" to each subpart of question 1(a), answer the following question:

        Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

        **ANSWER YES OR NO:** _____

    **If you answered "NO," skip to "Statement Twenty-two." If you answered "YES," answer the following question.**

2.    Do you find that Ms. Doherty-Heinze suffered damages because of Statement Twenty-one?

        **ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Twenty-two." If you answered "YES," answer the following questions.**

3.  How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Twenty-one? $_____

4.  As to Statement Twenty-one, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

    **ANSWER YES OR NO:_____**

5.  As to Statement Twenty-one, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

    **ANSWER YES OR NO:_____**

6.  As to Statement Twenty-one, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

    **ANSWER YES OR NO:_____**

# STATEMENT TWENTY-TWO

1.    As to **Statement Twenty-two**:

   **ANSWER YES OR NO to each question in the space provided.**

   1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

   The statement was made or published by Mr. Chrisley? _____

   The statement was about Ms. Doherty-Heinze? _____

   The statement was false? _____

   The statement has a defamatory implication about Ms. Doherty-Heinze? _____

   The defamatory implication was designed and intended by Mr. Chrisley? _____

   Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

   1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Twenty-three." If you answered "YES" to each subpart of question 1(a), answer the following question:

   Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

   **ANSWER YES OR NO:** _____

   **If you answered "NO," skip to "Statement Twenty-three." If you answered "YES," answer the following question.**

2.    Do you find that Ms. Doherty-Heinze suffered damages because of Statement Twenty-two?

   **ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Twenty-three." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Twenty-two? $_____

4. As to Statement Twenty-two, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Twenty-two, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Twenty-two, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

# STATEMENT TWENTY-THREE

1.  As to **Statement Twenty-three**:

    **ANSWER YES OR NO to each question in the space provided.**

    1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

    The statement was made or published by Mr. Chrisley? _____

    The statement was about Ms. Doherty-Heinze? _____

    The statement was false? _____

    The statement has a defamatory implication about Ms. Doherty-Heinze? _____

    The defamatory implication was designed and intended by Mr. Chrisley? _____

    Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

    1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Twenty-four." If you answered "YES" to each subpart of question 1(a), answer the following question:

    Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

    **ANSWER YES OR NO:** _____

    **If you answered "NO," skip to "Statement Twenty-four." If you answered "YES," answer the following question.**

2.  Do you find that Ms. Doherty-Heinze suffered damages because of Statement Twenty-three?

    **ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Twenty-four." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Twenty-three? $_____

4. As to Statement Twenty-three, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Twenty-three, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement Twenty-three, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

## STATEMENT TWENTY-FOUR

1.  As to **Statement Twenty-four**:

    **ANSWER YES OR NO to each question in the space provided.**

    1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

    The statement was made or published by Mr. Chrisley? _____

    The statement was about Ms. Doherty-Heinze? _____

    The statement was false? _____

    The statement has a defamatory implication about Ms. Doherty-Heinze? _____

    The defamatory implication was designed and intended by Mr. Chrisley? _____

    Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

    1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Twenty-five." If you answered "YES" to each subpart of question 1(a), answer the following question:

    Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

    **ANSWER YES OR NO:** _____

    **If you answered "NO," skip to "Statement Twenty-five." If you answered "YES," answer the following question.**

2.  Do you find that Ms. Doherty-Heinze suffered damages because of Statement Twenty-four?

    **ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Twenty-five." If you answered "YES," answer the following questions.**

3.  How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Twenty-four? $_____

4.  As to Statement Twenty-four, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

    **ANSWER YES OR NO:_____**

5.  As to Statement Twenty-four, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

    **ANSWER YES OR NO:_____**

6.  As to Statement Twenty-four, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

    **ANSWER YES OR NO:_____**

# STATEMENT TWENTY-FIVE

1. As to **Statement Twenty-five**:

   **ANSWER YES OR NO to each question in the space provided.**

   1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

   The statement was made or published by Mr. Chrisley? _____

   The statement was about Ms. Doherty-Heinze? _____

   The statement was false? _____

   The statement has a defamatory implication about Ms. Doherty-Heinze? _____

   The defamatory implication was designed and intended by Mr. Chrisley? _____

   Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

   1(b). If you answered "NO" to any of the subparts in 1(a), skip to "Statement Twenty-six." If you answered "YES" to each subpart of question 1(a), answer the following question:

   Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

   **ANSWER YES OR NO:** _____

   **If you answered "NO," skip to "Statement Twenty-six." If you answered "YES," answer the following question.**

2. Do you find that Ms. Doherty-Heinze suffered damages because of Statement Twenty-five?

   **ANSWER YES OR NO:** _____

**If you answered "NO," skip to "Statement Twenty-six." If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Twenty-five? $_____

4. As to Statement Twenty-five, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

       **ANSWER YES OR NO:_____**

5. As to Statement Twenty-five, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

       **ANSWER YES OR NO:_____**

6. As to Statement Twenty-five, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

       **ANSWER YES OR NO:_____**

# STATEMENT TWENTY-SIX

1. As to **Statement Twenty-Six**:

   **ANSWER YES OR NO to each question in the space provided.**

   1(a). Has Ms. Doherty-Heinze proven by a greater weight of the evidence that:

   The statement was made or published by Mr. Chrisley? _____

   The statement was about Ms. Doherty-Heinze? _____

   The statement was false? _____

   The statement has a defamatory implication about Ms. Doherty-Heinze? _____

   The defamatory implication was designed and intended by Mr. Chrisley? _____

   Due to the circumstances surrounding the publication of the statement, it conveyed a defamatory implication to someone who saw it other than Ms. Doherty-Heinze? _____

   1(b). If you answered "NO" to any of the subparts in 1(a), you may skip to the end of this form and complete your deliberations. If you answered "YES" to each subpart of question 1(a), answer the following question:

   Do you find that Ms. Doherty-Heinze has proven by clear and convincing evidence that Mr. Chrisley acted with actual malice when making the statement?

   **ANSWER YES OR NO:** _____

   **If you answered "NO," you may skip to the end of this form and complete your deliberations. If you answered "YES," answer the following question.**

2. Do you find that Ms. Doherty-Heinze suffered damages because of Statement Twenty-Six?

   **ANSWER YES OR NO:** _____

**If you answered "NO," you may skip to the end of this form and complete your deliberations. If you answered "YES," answer the following questions.**

3. How much, if any, do you award Ms. Doherty-Heinze as compensatory damages as a result of Statement Twenty-six? $_____

4. As to Statement Twenty-six, has Ms. Doherty-Heinze proved by a preponderance of the evidence that she is entitled to recovery of attorneys' fees from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

5. As to Statement Twenty-six, has Ms. Doherty-Heinze proved by clear and convincing evidence that she is entitled to recovery of punitive damages from Mr. Chrisley?

   **ANSWER YES OR NO:_____**

6. As to Statement T, has Ms. Doherty-Heinze proved by clear and convincing evidence that Mr. Chrisley had a specific intent to cause harm when he published the statement:

   **ANSWER YES OR NO:_____**

*This ends your deliberations. Your foreperson should sign and date this verdict form.*

SO SAY WE ALL.

_____
Foreperson's Signature

Date: _____