UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| AMY DOHERTY-HEINZE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL T. CHRISLEY,<br><br>Defendant. | Civil Action File No.<br><br>3:21-CV-00105-TCB<br>(consolidated with 3:22-CV-00172-TCB)<br><br>**Conference IS requested** |

## CONSOLIDATED PRETRIAL ORDER

COME NOW Plaintiff Amy Doherty-Heinze ("Plaintiff") and Defendant Michael T. Chrisley ("Defendant"), and pursuant to Federal Rule of Civil Procedure 26(a)(3) and Local Rule 16.4, file this Consolidated Pretrial Order as follows:

1.

There are no motions or other matters pending for consideration by the court except as noted:

1. Application for Admission of Andrew Sarangoulis, Esq. Pro Hac Vice filed on December 13, 2022 in 3:22-cv-00172-TCB (D.E. 6).

2. Plaintiff also anticipates filing a motion for sanctions given Defendant's bad faith position taken for the first time in this Consolidated Pretrial Order that there is a dispute regarding authenticity of the *Chrisley Confessions* podcast recordings or whether Defendant Chrisley made the statements during the

podcasts alleged in the Complaint, as well as Defendant's refusal to stipulate to facts that are established by admissions in the record. Defendant has specifically admitted to making the podcast statements in his Answer (Dkt. 24) and his statement of material facts filed in support of his motion for summary judgment (Dkt. 63-2). Additionally, in response to a request for production of copies of the podcasts (both recordings and transcripts) in which he mentioned Plaintiff, Defendant objected on a number of grounds, including that the request "seeks publicly available information just as easily accessed by Plaintiff as Defendant. Plaintiff may obtain any episode of *Chrisley Confessions* she wants, for free, through various platforms, including at https://podcasts.apple.com/us/podcast/chrisley-confessions/id1430295246.

Defendant objects to Plaintiff's inclusion of her "anticipated" motion for sanctions in this Consolidated Pretrial Order based upon an objection that Defendant has made, in good faith and based on a prior order of this Court, to the authenticity of audio recordings of podcast episodes of *Chrisley Confessions*. In its Order Denying Chrisley's Motion for Summary Judgment, this Court stated:

> To properly authenticate evidence, the proponent of the evidence must "produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901. The specific requirements for authenticating an audio recording are as follows:
>
> > The proponent must demonstrate the recording is an accurate reproduction of the sounds previously audited by a witness—that is, the 'proponent must offer evidence

> relating to the competency of the operator, the fidelity of the recording equipment, the absence of material deletions, additions[,] or alterations in the relevant portions of the recording, and the identification of the relevant speaker.'

*Mathews v. Clark Atlanta Univ., Inc.*, No. 1:17-cv-2963-MLB, 2023 WL 2229670, at *4 (N.D. Ga. Jan. 13, 2023) (alteration in original) (quoting *Johnson v. Gwinnett Cnty. Sch. Dist.*, No. 1:11-cv-471-TWT-RGV, 2012 WL 5987584, at *3 (N.D. Ga. Oct. 17, 2012)).

(D.E. 74 at 7-8).

Here, there is no evidence that Defendant was involved in the act of recording or has any knowledge regarding the recording equipment, recording operator, alterations made to the recordings, or that he ever had possession of the recordings in any manner. In fact, Plaintiff chose not to depose Defendant or serve discovery on any of these issues, and, even if Plaintiff had issued discovery requests or had chosen to substantively depose Defendant on these issues, he likely would not be able to provide the answers to them. Plaintiff could have also issued subpoenas to the podcast production company, PodcastOne, or deposed a corporate representative of PodcastOne to obtain the necessary information to authenticate the audio recordings, but chose not to do so. Instead, Plaintiff argues that Defendant's acknowledgment that he made statements about Plaintiff on certain podcast episodes warrants authentication of the podcast episodes themselves; however, that only satisfies the last element (i.e. identification of the relevant speaker) and does not

suffice to authenticate audio recordings for evidentiary purposes under the law of this jurisdiction and the Court's prior Order.

> *In accordance with the pertinent part of this Court's Instructions to Parties and Counsel ("Instructions"), § 18: Pretrial Conference, Motions in Limine, Daubert Motions (p. 21), all motions in limine shall be filed at least two weeks before the pretrial conference. Each party may file only one, consolidated motion in limine, supported by a brief not to exceed twenty-five pages. Briefs in oppositions to motions in limine should be filed at least one week before the pretrial conference and shall not exceed twenty-five pages.*

2.

All discovery has been completed, unless otherwise noted, and the court will not consider further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

Count I: Defamation by Libel: 28 U.S.C. § 1332(a)(1) (diversity)

Count II: Defamation by Slander: 28 U.S.C. § 1332(a)(1) (diversity)

Count III (from consolidated action): Defamation: 28 U.S.C. § 1332(a)(1) (diversity)

Defendant objects to this Court's exercise of personal jurisdiction over him for the reasons stated in his Motion to Dismiss (D.E. 4) and Renewed Motion to Dismiss filed (D.E. 13) as to both actions and for lack of proper service as stated in his Motion to Dismiss filed on December 12, 2022 as to 3:22-cv-00172-TCB (D.E. 5). Defendant recognizes that the Court has denied all of those Motions and is prepared to move forward with trial, but nevertheless reasserts his objections for record purposes.

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:    Nicole Jennings Wade
                    nwade@wgwlawfirm.com
                    Wade, Grunberg & Wilson, LLC
                    Bank of America Plaza
                    600 Peachtree St. NE, Ste. 3900
                    Atlanta, GA 30309
                    (404) 382-8132

    Defendant:    Andrew Sarangoulis
                    BURR & FORMAN LLP
                    Las Olas Centre II
                    350 East Las Olas Blvd, Suite 1440
                    Ft. Lauderdale, FL 33301
                    (954) 414-6200
                    asarangoulis@burr.com

Other Parties: n/a

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

None.

7.

The captioned case shall be tried ( XX ) to a jury or ( ) to the court without a jury, or ( ) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

Plaintiff requests that the trial be bifurcated as a result of Plaintiff's demand for punitive damages, in accordance with O.C.G.A. § 51-12-5.1(d). *See, e.g., Galack v. PTS of America, LLC*, 2015 WL 11578452, at *1-2 (Sept. 9, 2015) (quoting *Webster v. Boyett*, 269 Ga. 191, 192-93 (1998)). In the first phase of the trial, the parties should present evidence on liability and the propriety of punitive damages and attorneys' fees, and the jury will determine liability, and, if appropriate, the amount of compensatory damages and whether punitive damages and attorneys' fees will be awarded. If the jury finds in favor of Plaintiff on liability and determines that punitive damages and/or attorneys' fees should be awarded, there will be a second phase of trial during which the parties will present evidence as to the amount of

punitive damages and attorneys' fees, and the jury will make a determination as to the amount due for such claims.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

~~Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.~~

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

> *In accordance with this Court's Instructions, Trial Courtroom Procedures ¶ 4 (p. 27), the Court will call the name of each juror (one at a time) and have each juror answer the questions on the list attached to the Court's Instructions as Exhibit A. The Court will then ask those questions proposed by the parties in the Pretrial Order that the Court deems appropriate. One question will be whether any juror knows any witness in the case, so counsel should be prepared to identify the witnesses who may be called to testify (whether live or by deposition).*

11.

State any objections to plaintiff's voir dire questions:

State any objections to defendant's voir dire questions:

None

State any objections to the voir dire questions of the other parties, if any: n/a

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

> *In accordance with this Court's Instructions, Trial Courtroom Procedures ¶ 3 (p. 26), because this is a civil case that is not expected to last more than two weeks, the Court will empanel eight jurors, none of whom will serve as an alternate. The panel from whom the eight will be selected will normally consist of 18-20 prospective jurors. If counsel anticipate the need for a larger panel, e.g., in cases with media attention or in cases involving a mutual insurance company (which may be owned in part by one or more panel members), counsel should alert the Court promptly upon calendaring of the case for trial. In accordance with Trial Courtroom Procedures ¶ 4 (p. 27), each side shall be entitled to three peremptory strikes.*

Plaintiff requests that the Court consider a larger panel given Defendant's status as the star of the popular reality television show *Chrisley Knows Best* aired on the USA Network, the star of the popular podcast *Chrisley Confessions* available on Apple and other widely available streaming platforms, and a social media influencer

with over 2 million followers on social media platforms such as Instagram and Facebook.

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

(1) In its order dated January 9, 2023, the Court consolidated the litigation in *Doherty Heinze v. Chrisley*, No. 3:21-cv-105-TCB, with this action for pretrial matters and trial. (Dkt. 10 at 16).

(2) *United States v. Todd Chrisley*, 1:19-CR-297-ELR-1 (on appeal).

Additionally, Defendant contends that the following is pending related litigation:

(1) *Michael T. Chrisley and Julie H. Chrisley v. Joshua Waites*, 1:19-cv-4610-LLM (N.D. Ga.).

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

(1) Whether Plaintiff has established by a preponderance of the evidence that one or more of the identified statements made by Defendant about Plaintiff is false and defamatory *per se*;

(2) Whether Plaintiff has established by clear and convincing evidence that one or more of the identified statements made by Defendant about Plaintiff was published with actual malice;

(3) The amount of any compensatory damages to be awarded to Plaintiff;

(4) Whether Plaintiff has established by clear and convincing evidence that punitive damages should be awarded in accordance with O.C.G.A. § 51-12-5.1, and if so, the amount of punitive damages to be awarded;

(5) Whether Plaintiff has established by clear and convincing evidence that Defendant acted with specific intent to harm in accordance with O.C.G.A. § 51-12-5.1(f); and

(6) Whether Plaintiff has established that she is entitled to an award of attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, and if so, the amount of attorneys' fees and expenses to be awarded.

Additionally, Defendant contends that the following is a pending issue to be tried:

(7) Whether Plaintiff has established by a preponderance of the evidence that Defendant made the identified statements for which Plaintiff seeks damages.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, ~~and Attachment "F-3," etc. for all other parties~~ is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

*In accordance with this Court's Instructions § 17: Pretrial Orders—Exhibit and Witness Lists (p. 20), in listing witnesses, a party may not reserve the right to supplement his list, nor should a party adopt another party's list by reference.*

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, ~~and "G3", etc. for all other parties~~ are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

*In accordance with this Court's Instructions § 17: Pretrial Orders—Exhibit and Witness Lists (p. 20), the parties shall separately number each of their exhibits as to which a separate foundation must be laid. For example, exhibits should not be grouped as "hospital records" or "photographs." Similarly, exhibits should be numbered sequentially (e.g., P-1, P-2, etc.); do not use, e.g., P-1a, P-1b, etc. for a group of exhibits. In listing exhibits, a party may not reserve the right to supplement his list, nor should a party adopt another party's list by reference.*

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

By Plaintiff:

(1) Jamie Carter
    5:13-19
    6:1-18
    8:14—9:5
    12:23—13:9
    18:1-4
    18:14—20:22
    20:24—21:17
    21:21—42:13

(2) Michael T. Chrisley

For Phase 2 only:

(1) Trey Files, 30(b)(6) witness for 7C's Productions, Inc.

By Defendant:

None.

*In accordance with this Court's Instructions § 22: Objections to Deposition Testimony (p. 23), at § 22(a), all objections to any deposition testimony that may be offered as evidence at trial must be made at or before the time for filing motions in limine. Briefs in opposition to deposition objections must be filed within two business days of the date of filing the objections unless the deadline for filing briefs in opposition to motions in limine precedes that date, in which event briefs in opposition to the objections should be filed the same day as the briefs in opposition to motions in limine are due. Counsel are strongly encouraged to resolve deposition objections without the Court's involvement. Any unresolved objections will be discussed at the pretrial conference or before jury selection on the first day of trial.*

*In accordance with Instructions § 22: Objections to Deposition Testimony (p. 24), at § 22(b), if the deposition does not take place until after the deadline for filing motions in limine, all such objections must be made within two business days of counsel's first receipt of an electronic or paper copy of the deposition transcript. Briefs in opposition to the objections must be filed within two business days of the date of filing of the objections. Again, counsel are strongly encouraged to resolve these objections without the Court's involvement. However, counsel should promptly inform the Court of any unresolved objections so that the Court may address the objections as expeditiously as possible so as not to delay the trial.*

Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, ~~and "H-3", etc. for other parties~~, are any trial briefs which counsel may

wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

*In accordance with this Court's Instructions § 23: Jury Instructions (p. 24), notwithstanding Local Rule 51.1 and unless otherwise directed by the Court, counsel shall email their proposed jury instructions in Microsoft Word format to the law clerk assigned to the case by 9:00 a.m. on the last business day before the first day of trial. Counsel should contact Ms. Wiggins to obtain the name and email address of the applicable law clerk.*

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

Proposed jury verdict forms are being submitted separately by each party and are attached hereto as Attachments "I-1" and "I-2".

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

Plaintiff requests additional time—at least an additional 15 minutes—for argument because it will be necessary to introduce the jury to the 26 defamatory statements contained in 10 different social media posts and 5 different podcasts.

Defendant objects to any additional time for arguments and believes one-half hour for each side is more than sufficient time to adequately present each side's case to the jury given that this case is relatively straight forward and only anticipated to last approximately one week.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.

Not applicable.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met ~~in person~~ via Zoom on Friday, April 14, 2023, to discuss in good faith the possibility of settlement of this case. The court (__) has or (XX) has not discussed settlement of this case with counsel. It appears at this time that there is:

(__) A good possibility of settlement.

(__) Some possibility of settlement.

( XX ) Little possibility of settlement.

(__) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

During the Pretrial Conference, Defense counsel would like to discuss the issue of Defendant's current incarceration. Defendant requests to be present for the trial in this matter by videoconference, and Defense counsel asserts that Defendant's presence at trial is critical and necessary to his defense as a large portion of this case turns on Defendant's state of mind and intent.

28.

The plaintiff estimates that it will require two (2) days to present its evidence. The defendant estimates that it will require 3-4 days to present its evidence. The other parties estimate that it will require (n/a) days to present their evidence. It is estimated that the total trial time is 6-7 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (XX) submitted by stipulation of the parties or (__) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this **30th** day of **January**, 20**24**.

_____
Timothy C. Batten, Sr.
Chief United States District Judge

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court, as supplemented by this Court's Instructions to Parties and Counsel.

| | |
|---|---|
| /s/Nicole Jennings Wade | /s/Joseph H. Stuhrenberg (by njw with express permission) |
| Nicole Jennings Wade | Joseph H. Stuhrenberg |
| Georgia Bar No. 390922 | Georgia Bar No. 398537 |
| nwade@wgwlawfirm.com | jstuhrenberg@burr.com |
| Jonathan D. Grunberg | Andrew T. Sarangoulis |
| Georgia Bar No. 869318 | *Pro Hac Vice Pending* |
| jgrunberg@wgwlawfirm.com | asarangoulis@burr.com |
| G. Taylor Wilson | |
| Georgia Bar No. 460781 | **BURR & FORMAN LLP** |
| twilson@wgwlawfirm.com | 171 Seventeenth Street, NW |
| | Suite 1100 |
| **WADE, GRUNBERG & WILSON, LLC** | Atlanta, Georgia 30363 |
| 600 Peachtree Street, NE | Telephone: (404) 815-3000 |
| Suite 3900 | Facsimile: (404) 817-3244 |
| Atlanta, GA 30308 | |
| (404) 600-1153 (Phone) | *Counsel for Defendant Michael T. Chrisley* |
| (404) 969-4333 (Fax) | |

*Counsel for Plaintiff Amy Doherty-Heinze*